**MATCOVICH v. NICKELL, Collector of Internal Revenue.**

No. 10191.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1943.

838

R. H. Schwab, of Sacramento, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Mills Kitchin, Sp. Assts. to the Atty. Gen., and Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

PER CURIAM.

The appellant filed suit in the district court to enjoin collection by the appellee of assessments levied under the Federal Unemployment Tax Act, 53 Stat., Part 1, p. 183, § 1600, I.R.C., 26 U.S.C.A.Int.Rev. Code, § 1600, and the Federal Insurance Contributions Act, 53 Stat., Part 1, p. 175, § 1400, I.R.C., 26 U.S.C.A.Int.Rev.Code, § 1400, upon the ground that persons occupied about premises conducted by appellant, whose status fixed liability under the above statutes, were not employees of appellant, and that, therefore, the taxes were not applicable. The appellee moved to dismiss upon the ground that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Section 3653, I.R.C., 26 U.S.C.A. Int.Rev.Code, § 3653, 53 Stat., Part 1, p. 446. The motion to dismiss was granted, and judgment entered accordingly, from which the appeal is taken.

Matcovich based his bill for injunctive relief upon two grounds:

(1) Inapplicability of the tax. He alleged that the persons by whose presence and occupation the tax attached were not employees, but licensees, and that he was not their employer and, hence, not liable for the tax.

(2) Irreparable injury. He alleged that he was unable to pay the tax without serious and irreparable injury to his business, which injury could not be remedied by recovery had thereafter as a result of suit for refund.

Section 3653 of the Internal Revenue Code prohibits suits to restrain the assessment or collection "of any tax" "in any court." Despite the positive prohibition of Section 3653, I.R.C., it has been held that there may be a case stated wherein injunctive relief properly may be granted to restrain the assessment or collection of a tax. See, for instance, Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 510, 52 S.Ct. 260, 76 L.Ed. 422; Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Allen v. Regents, 304 U.S. 439, 445, 58 S.Ct. 980, 82 L.Ed. 1448. But such a case must, obviously, be the unusual, the extraordinary case. Mere illegality of the exaction is not sufficient to justify a holding that the statute is not applicable (Allen v. Shelton, 5 Cir., 96 F.2d 102), nor is hardship to the taxpayer. Kaus v. Huston, 8 Cir., 120 F.2d 183, 185. We think Section 3653, I.R.C. applies except in a case wherein it is shown, in addition to the fundamental allegations necessary to obtain injunctive relief, that under no possibility could the attempted exaction be held legal (cf. Miller v. Standard Nut Margarine Co., supra), or in the unusual and extraordinary circumstances such as confronted the court in Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965, and in Allen v. Regents, 304 U.S. 439, 445, 58 S.Ct. 980, 82 L.Ed. 1448. Appellant has stated no such case. Moreover, this court has just decided that the employer-employee relationship did exist between Matcovich and the persons occupied about the premises conducted by him, which renders his claim altogether untenable. See Matcovich v. Anglim, Collector, 9 Cir., 134 F.2d 834, decided March 30, 1943.

Judgment affirmed.