**194**

John Lantis LONG, Plaintiff,

v.

William GRAY, District Director of Internal Revenue, Louisville, Kentucky, C. A. Demarest, Internal Revenue Agent, Lexington, Kentucky, and United States of America, Defendants.

No. 519.

United States District Court,
W. D. Kentucky, Bowling Green Division.

April 1, 1955.

Rodes K. Myers, Bowling Green, Ky., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Benjamin H. Pester, Special Assts. to Atty. Gen., J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendants.

SWINFORD, District Judge.

This case is before the court on the defendants' motion to dismiss the complaint.

The plaintiff was the owner of a farm in Cumberland County, Kentucky. A moonshine still was found on the farm. In connection with the still the federal officers also found a large quantity of whiskey on which no tax had been paid. The plaintiff and one Mitchell Moore were charged with the ownership of the still and whiskey. Moore admitted to ownership and operation of the still and the plaintiff denied any knowledge or ownership of either. Moore was indicted and convicted for violation of the criminal laws. The plaintiff was not indicted for the offense.

A claim for taxes in the sum of $667.-64 was made by the United States. On December 27, 1950, a lien was filed against the property of the plaintiff to secure the enforcement of the assessment. The plaintiff is an employee of the Kentucky State Highway Department and it is alleged that on December 14, 1951, the sum of $78.60 was erroneously and illegally collected by the defendants and on October 11, 1954, the sum of $90.55 was illegally collected.

This action seeks to enjoin the defendants from the collection of the sum of $498.49, the balance alleged to be due. It further seeks judgment against the defendants in the sum of $78.60 and the further sum of $90.55, the amounts heretofore allegedly erroneously and illegally collected.

The basis of the plaintiff's claim as set forth in the complaint is that since he has been cleared of any charge of wrongdoing that the assessment is against the wrong person and is therefore arbitrary and capricious; that the claim is not for a tax but is a penalty; that the plaintiff is the sole support of his wife, three infant children, and his wife's mother; that he makes only from $40 to $45 a week and owns no personal property of value; and that his small farm and homestead is heavily mortgaged.

He further alleges that the action of the Director of Internal Revenue in attempting to enforce the collection of this sum of money will result in irreparable harm to himself and his family and that he will not be able to properly care for his family; that he has no adequate remedy at law inasmuch as the only remedy available, other than this suit, would be to wait until the tax, penalty and interest had been collected by the Director of Internal Revenue and then bring suit for a refund; that such a proceeding would result in irreparable harm and that such a suit, though successful, could not restore to him that which he would have lost.

■ It is expressly provided by statute that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. 26 U.S.C.A. § 3653. Enacted in 1867, this statute for more than eighty years has been consistently applied as precluding relief, whatever the equities alleged. The courts have recognized that the Government must not be hampered in the collection of its revenue and that public necessity gives this rule vitality. No independent equity jurisdiction appearing, the statute applies even where the collection of the tax is unwarranted. Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237.

■ Notwithstanding, however, the positive statutory prohibition against enjoining the assessment and collection of taxes, where facts are alleged that are so unusual or extraordinary as to convince the court that an exception is justified, an injunction may be issued. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. The mere illegality of the tax or hardship on the taxpayer is not sufficient to justify holding the statutory prohibition inapplicable. To justify the exception there must be such unusual and extraordinary circumstances as to show that under no possibility could the attempted

exaction be held legal. Matcovich v. Nickell, 9 Cir., 134 F.2d 837.

The case of Miller v. Standard Nut Margarine Co., supra, decided February 15, 1932, is the principal authority from the Supreme Court justifying an exception to the clear wording of the statute. In that case it was held that the assessment could be enjoined because it was made against a product which was not subject to taxation. It might be pointed out, however, that Mr. Justice Stone and Mr. Justice Brandeis dissented from the opinion of the court.

The facts in the case at bar and the facts in the case of Burke v. Mingori, 10 Cir., 128 F.2d 996, certiorari denied Mingori v. Broderick, 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533, are almost identical. I think the reasoning of the court, sustained by citation of numerous authorities in that case, is unanswerable. It points out that the tax in question is not a penalty but that it is a basic production tax. It is further pointed out that the issue of fact is subject to judicial determination only in a suit for refund. It cannot be adjudicated in an action to enjoin the collection of the tax.

The law provides the method by which a refund may be had where the tax collected is unlawful or subject to be refunded for any reason. The complaint here does not allege that any demand for refund was made nor that any claim has been filed. Such an allegation is a jurisdictional fact. Without the filing of a claim for refund for the recovery of any amount alleged to have been illegally collected no action will lie. 26 U.S.C.A. § 3772; United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Rock Island, Arkansas & Louisiana Railroad Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188.

A careful reading of the complaint reveals that there is no allegation of unusual facts and circumstances which justify injunctive relief. The plaintiff sets forth the difficulty and hardship which confronts him by reason of this assessment and claim on the part of the defendants. As I have pointed out, by citation of authority, hardship is not sufficient. Therefore the injunctive relief to the collection of the $498.49 should be denied.

Since there is no allegation that a claim for refund has been made to the Commissioner as required by the statute, the prayer for the recovery of these sums must be denied.

The motion to dismiss is sustained. An order to that effect is this day entered.