**George DARNELL, Appellant,**

v.

**L. W. TOMLINSON, as Director of Internal Revenue, District of Florida, Appellee.**

**No. 15297.**

United States Court of Appeals, Fifth Circuit.

April 6, 1955.

Walter C. Shea, Jacksonville, Fla., for appellant.

Ellis N. Slack, Frederick G. Rita, H. Brian Holland, Assts. Atty. Gen., Thomas A. Larkin, Asst. U. S. Atty., Jacksonville, Fla., Elmer J. Kelsey, A. F. Prescott, Sp. Assts. to Atty. Gen., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

TUTTLE, Circuit Judge.

The sole issue presented for our decision here is whether the appellant set out a cause of action for an injunction against the levy and sale of his printing business, the source of his livelihood, under a jeopardy assessment issued by appellee, State Director of Internal Revenue, pending an appeal prosecuted by appellant in the Tax Court of the United States.

The basic statutory principles involved are: (1) Pending an appeal by a taxpayer from an asserted deficiency in his income tax liability, the Commissioner of Internal Revenue may not make any assessment of such deficiency;[1] (2) An exception is made, however, if the Commissioner "believes that the assessment or collection of a deficiency * * * will be jeopardized by delay". In such case he may by the express authority of the statute proceed to make such assessment and levy it on the property of the taxpayer;[2] (3) If assessment of a deficiency is made in a non-jeopardy case pending appeal, the cited statutes specifically authorize the issuance of an injunction by the court. Otherwise, the statutes prohibit any court from entertaining a suit for the purpose of restraining the assessment or collection of any tax;[3] (4) Under the law as it stood when the petition was filed in the court below, the jeopardy assessment could be stayed by the filing of a bond with the director.[4] Under the present statute, not only can this be done but also the director "may abate the jeopardy assessment if he finds that jeopardy does not exist."[5]

---

1. This prohibition, contained in § 272(a) of the Internal Revenue Code of 1939, is carried forward in § 6213(a) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 6213(a).

2. § 273(a, c), Internal Revenue Code of 1939, 26 U.S.C.A. § 6861(a, c).

3. § 3653, Internal Revenue Code of 1939, 26 U.S.C.A. § 7421.

4. § 273(f), Internal Revenue Code of 1939, 26 U.S.C.A. § 6863.

5. 26 U.S.C.A. § 6861(g).

■ We now turn to the allegations of the complaint filed in the court below, the dismissal of which is the basis of this appeal. Of course, for the purpose of testing the sufficiency of the complaint as against a motion to dismiss, we must accept as true each well-pleaded fact.

The case sought to be made out by appellant is substantially as follows:

■ The plaintiff filed his income tax returns for 1947, 1948 and 1949 and paid the taxes due thereon; subsequently the Commissioner proposed deficiencies for the three years totaling, with penalties, some $40,000; taxpayer timely filed his petition for redetermination with the Tax Court; thereafter a jeopardy assessment was issued by the director and this became a first lien on real property valued at not less than $69,000, against one piece of which was only a single $5,000 mortgage; two bank accounts of taxpayer were seized and presumably applied on the deficiency; the amount thus seized and applied is not stated; at the time in question taxpayer was a cripple, unable to walk without crutches and needed automobiles owned by him for personal transportation, as well as for use in his business; he owned a small printing business from which with diligence he could earn $40 a week; his wife is 50 years old and untrained in business and both are entirely dependent upon his earnings; he can not obtain other employment if deprived of his business; on September 29, 1952 he was "informed," (by whom it is not disclosed) that appellee "was going to distrain and sell his automobile and his printing business;" that he could not procure bond for the release of his property as all of his assets have been seized under a jeopardy assessment; that he does not owe the taxes and that defendant knows he does not owe them and his action in assessing them is arbitrary and unjust for a number of stated reasons.[6]

The trial court granted the motion of the Director of Internal Revenue to dismiss the suit with prejudice. We think the court was right and that the petition failed to set out a cause of action for injunctive relief.

The taxpayer alleges that he owned real property having a value of $34,000 in excess of the amount of the jeopardy assessment. He does not allege that the immediate sale of this property by consent would work a hardship on him or that such sale would even have to be at distress values. The complaint shows that the amount of the assessment has been reduced to some extent by the seizure of two bank accounts, but it refrains from telling the court how much this reduction amounted to. The complaint does not even allege with particularity that there was an immediate threat by the only person who could carry it out, i. e., the director of Internal Revenue, that the business and three automobiles were to be sold; certainly the appellant did not allege that he had authorized or requested the director to apply all assets already seized by him to the payment of the assessment. There is a complete lack of such circumstances as would bring this appellant under the extreme hardship cases which he cites in his brief as authority for the granting of an injunction. Moreover, it is appropriate now to point out that either the issue must have become moot, since the trial court did not issue a supersedeas, or the taxpayer's fears were not justified as to the imminence of the danger to his business in the first instance.

■■ In the present posture of affairs, the taxpayer has still another opportunity to work out his tax liabilities— one given him under the Internal Revenue Act of 1954. He may now make application to the director for an abatement of the jeopardy assessment if, in fact, no jeopardy exists. This relief is provided for in § 6861(g). Since a jeopardy assessment is intended only to protect the revenues in case there is an apprehension of real jeopardy, it is difficult

6. We do not repeat the allegation of errors of computation because the court can not concern itself with the merits of the claim for deficiency in a proceeding of this kind.

to believe that Darnell could not, by proper application to the director under the terms of this provision, make such disposition of the assets he claims to own as to make it unnecessary for the Director to resort to a levy and sale of his business. Nothing here said is intended to limit the exercise by the director of his legal discretion, but it is intended to indicate to both taxpayer and director alike that the jeopardy assessment procedure is an exception to the normally accepted method of assessment and collection of taxes and it should not be used either as additional penalty or in any other improper manner; and further that if improvidently used, there is now an opportunity for the director to right the wrong.

No error having been committed by the trial court, the judgment is

Affirmed.