**Bartolomeo MONGE, Appellant,**

v.

**James G. SMYTH, Collector of Internal Revenue for the First District of California, Appellee.**

**No. 14494.**

United States Court of Appeals Ninth Circuit.

Jan. 17, 1956.

Rehearing Denied March 8, 1956.

Seaman & Dick, Wareham C. Seaman, Stockton, Cal., for appellant.

H. Brian Holland, Asst. Atty. Gen., Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Alonzo W. Watson, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before ORR, LEMMON and FEE, Circuit Judges.

LEMMON, Circuit Judge.

This appeal is from an order of the District Court dismissing the action. This case has been here before. A motion was made to dismiss the action on the original complaint. A motion by respondent for summary judgment was denied. Before action was had on the motion to dismiss, appellant filed a first amended complaint. Appellant's original complaint was dismissed. An appeal was taken. This Court held that no appealable action had been taken by the Trial Court.

The original complaint sought an injunction restraining the collection by respondent Collector of taxes, penalties and interest assessed for the tax years 1942 to and including 1946. On November 2, 1949 appellant signed a waiver on Treasury Department Form 870–TS of restrictions on the assessment and collection of deficiencies in federal income taxes for the years in question.[1] As noted,

1. In an affidavit attached to and made a part of the complaint there is set out in some greater detail the position upon which the appellant seeks equitable relief. Therein Monge avers that one J. L. Buchman managed and controlled the Atlas Import and Export Corporation of New York; that the corporation had leased from him a small winery located upon his ranch and that during the tax period involved sold to the corporation his grapes; that J. L. Buchman obtained duplicate weight receipts on certain loads of grapes trucked from Monge's ranch and was informed by J. L. Buchman that this procedure was necessary to insure proper accounting in the New York office of the corporation; that Monge was unacquainted with Atlas' accounting methods but now believes "this was a method of income tax evasion

on the first appeal to this Court the appeal was dismissed without prejudice. Monge v. Smyth, 198 F.2d 749. Appellee thereafter filed a motion to dismiss the action. Prior thereto appellant had filed a second amended complaint. Therein appellant alleged that respondent has distrained his real property and his bank accounts pursuant to an assessment made on or about December 28, 1949 in accordance with the waiver of restrictions on assessment and collection of deficiency in taxes above referred to. He alleged that he executed the waiver relying upon the advice of his attorney, Abraham Buchman, who had been representing him in conferences with representatives of the Internal Revenue Service and that at the same time this attorney was representing persons having interests in taxpayer's tax liability adverse to the taxpayer concerning his tax liability and that such adverse interest was known to the said representatives but not known to him; that because of the execution of the waiver, income taxes greatly in excess of the correct tax liability were assessed, resulting in a fraud being perpetrated upon him and he was deprived of administrative remedies otherwise available to him; that the seizure of his property has left him with insufficient funds to conduct his business or to defray his living and medical expenses. He asserts that he has exhausted the administrative remedies available to him, that he has no adequate remedy at law and, unless the Collector is restrained from selling his property and funds seized are

used by J. L. Buchman"; that J. L. Buchman from time to time advanced funds to Monge to finance the purchase of grapes from other growers for Atlas and that pursuant to instructions from him affiant sometimes deposited checks from Atlas in his bank account and immediately drew a large sum of money in currency which he returned to J. L. Buchman; that Monge "had no knowledge at the time of the purpose of these manipulations, but now believes that they were a method of tax evasion employed by Buchman"; that none of these manipulations benefited Monge and, to the contrary, he believes that a substantial part of the additional income tax liability subsequently assessed against him is based upon a refusal by the representatives of the Bureau of Internal Revenue to accept as true Monge's statements about these matters; that he received a copy of the Internal Revenue agent's report showing a tax liability for the years 1942 to 1946, inclusive, in the total sum of $42,208.21, plus a recommended fraud penalty of 50% in the amount of $21,104.10; in May, 1949, one Henry Buchman, an attorney for Atlas and a son of J. L. Buchman, recommended to Monge that he employ Abraham Buchman, brother of Henry and also attorney for Atlas, to represent Monge because of Abraham's familiarity with the transactions between Monge and Atlas; that Monge accepted this suggestion and employed Abraham to represent him before the Bureau of Internal Revenue; that Abraham represented him at the conferences with representatives of the Bureau; that the conflict in interest arose "primarily from the use of duplicate weight certificates by J. L. Buchman * * * and from the practice * * * of making advances * * * by check"; Monge was dissuaded by Abraham from attending these conferences and pursuant to instructions from Abraham remained in the latter's hotel room; on November 2, 1949, at the time of the last of these conferences Abraham came to the hotel room with printed copies of Treasury Department Form 870–TS which he asked Monge to sign; these forms provided for a waiver by Monge of restrictions on the assessment and collection of deficiency in tax; that Monge signed them upon Abraham's insistence; that under date of December 21, 1949 Monge received a notice of deficiency, including fraud penalties, as shown in the waiver which he had executed on said Form; that on December 8, 1949 he received a notice of delinquency as shown on the waiver in the same total amount as shown on the notice of December 21, 1949; that promptly thereafter appellee recorded a lien on Monge's real property and distrained his bank accounts and real property; that this has resulted in hampering him in obtaining funds to defray his living expenses and to operate his vineyards; that a carcinoma operation has left him unable to do physical labor and he must hire labor; that appellee's threatened sale of his real property, unless restrained, will result in his destitution.

restored, he will suffer irreparable injury. He asked that the waiver be annulled and set aside. The waiver is set forth in the margin.[2] Respondent moved to dismiss the action on the ground that a claim was not stated and that appel-

2. C:TS:PD
SF:HMS

Form 870-TS
Treasury Department
Internal Revenue Service
(Revised Sept. 1941)

Date Received
Nov. 2, 1949
Technical Staff
Pacific Division
San Francisco Office

Offer of Waiver of Restrictions on Assessment and
Collection of Deficiency in Tax

Accepted Dec. 16, 1949
(Signed) Stewart Berkshire
(Head of Division)

Re: Bartolomeo Monge
Oakdale, California

Pursuant to the provisions of section 272 (d) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 272 (a) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, and hereby offers to consent to the assessment and collection of the following deficiency or deficiencies in tax and penalty:

|  |  | 50% Penalty |
| --- | --- | --- |
| taxable year ended Dec. 31, 1943 | income tax in the sum of $ 5577.96 | $ 2788.98 |
| taxable year ended Dec. 31, 1944 | income tax in the sum of $ 7111.45 | 3555.72 |
| taxable year ended Dec. 31, 1945 | income tax in the sum of $ 4991.83 | 2495.92 |
| taxable year ended Dec. 31, 1946 | income tax in the sum of $ 7005.51 | 3502.76 |
| taxable year ended ........... | in the sum of $ ...... | ........ |
| amounting to the total sum of............................ | $24686.75 | $12343.38 |

together with interest thereon as provided by law.

This Offer of Waiver of Restrictions is subject to acceptance by or on behalf of the Commissioner of Internal Revenue, on the basis of the adjusted liability as hereinabove proposed, and is to take effect as a waiver of restrictions then filed with the Commissioner, from the date said adjusted liability is accepted by or on behalf of the Commissioner as a basis for the closing of the case, and if not thus accepted will have no force or effect.

If this proposal is accepted by or on behalf of the Commissioner, the case shall not be reopened nor shall any claim for refund be filed or prosecuted respecting the taxes for the year(s) above stated, in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or of an important mistake in mathematical calculations; and the taxpayer also agrees: (1) To make payment of the above deficiency, together with interest, as provided by law, promptly upon receipt of notice and demand from the Collector of Internal Revenue, and not to file an offer in compromise respecting such liability; and (2) upon request of the Commissioner to execute at any time a final closing agreement as to the tax liability, on the foregoing basis, for said year(s) under the provisions of section 3760 of the Internal Revenue Code.

Bartolomeo Monge
(Taxpayer)
.............................
(Taxpayer)
Rt. 1—Box 61—Oakdale, Calif.
By ..........................

Dated Nov. 20th 1949

Note.—The execution and filing of this offer of waiver at the address shown in the accompanying letter will expedite the adjustment of your tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code, nor does it extend the statutory period of limitation for refund, assessment, or collection of the tax.

If this offer of waiver is executed with respect to a year for which a Joint Return of a Husband and Wife was filed, it must be signed by both spouses, except that one spouse may sign as the agent for the other.

Where the taxpayer is a corporation, the offer of waiver shall be signed with the corporate name, followed by the signature and title of such officer or officers of the corporation as are empowered to sign for the corporation, in addition to which the seal of the corporation must be affixed.

(This copy to be retained by petitioner)

lant nowhere had denied that he owed some Federal taxes. Before action upon the motion, he filed an "Amendment to Complaint" with a supplemental affidavit attached. The Amendment added a second count which contained the further allegation that appellant's action was taken in pursuance to jeopardy assessments of income taxes, penalties and interest made on or about December 24, 1949; that such were made before any notice in respect to the tax had been mailed to taxpayer under Section 272(a) of the Internal Revenue Code; that no such notice was mailed to him within sixty days after the making of the jeopardy assessment.

On March 11, 1953 respondent filed a motion to dismiss "the action and * * * all causes of action stated in the complaint, including all amendments thereto." Thereafter an order was entered granting the motion. It was from this order that this appeal is taken.

A second amended complaint was filed. It contained two counts. The first alleged that taxes, penalties and interest totaling $43,313.08 for the years involved had been assessed when in fact he did not owe any sum; that the assessment was in violation of Section 272, since no notice as required by that Section was served upon him, etc. The second cause of action is as stated in the first amended complaint.

The court stated that no issues of law were presented other than theretofore ruled upon when it dismissed the first amended complaint.

Section 3653(a) of the Internal Revenue Code prohibits enjoining of collection of income taxes except where judicially determined extraordinary and unusual circumstances exist or where the provisions of subsection (a) of Section 272 apply.

Section 272(a) authorizes suits to enjoin collection attempted after notice of deficiency has been issued and before the deficiency asserted has been finally determined. Appellee states that no notice was issued and that therefore the section does not apply; that appellant's position is unsound when he advances the point that notice should have issued and therefore the injunction should issue because of the waiver which had been accepted by the Commissioner.

Appellant relies upon the following points as error: (1) Failure of the Court to find that the knowledge and conduct of Respondent was sufficiently arbitrary and oppressive to justify an injunction. (a) The District Court should have permitted a hearing to determine whether the assessment against appellant was a jeopardy assessment under Section 273 (a), 1939 I.R.C. and, if so, should have found the assessment invalid under Section 273(b), 1939 I.R.C. (3) The District Court erred in not finding that the Waiver form 870–TS, as provided in Section 272(d), 1939 I.R.C., is invalid without determination and statutory notice issued by respondent as provided in Section 272(a), 1939 I.R.C. The pertinent statutes are set forth in the margin.[3]

3. Internal Revenue Code of 1939:
  "§ 272. Procedure in general
  "(a) (1) [As Amended by Sec. 203 of the Act of December 29, 1945, c. 562, 59 Stat. 669] Petition to the Tax Court of the United States. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such pro-

*The showing that the assessment and levy was arbitrary and oppressive is insufficient.*

The supporting affidavits showed that appellant is elderly, uneducated and sick; that he was represented by counsel "whose interest was adverse to his own, so far as the determination of appellant's tax liability, if any, would be made and that this fact was known" to respondent. However, government agents were not parties to any fraud or oppression practiced upon him. What he complains of is actions of his own attorney. We agree with the trial court that this does not establish the "extraordinary circumstances" or "arbitrary or oppressive conduct of government agents" and "does not present a situation calling for the court to exercise its equitable powers to enjoin collection of a tax".

The statement of appellant that he has no adequate remedy at law is met by the statement that he may bring an action to recover taxes illegally assessed and paid by him. Appellant replies that he is foreclosed from this by the terms of the Waiver.

It does not necessarily follow from the mere fact that Buchman was representing both appellant and Atlas in their respective tax difficulties, that he was breaching his obligations as an attorney or that the Government was thereby charged with knowledge that a fraud was being perpetrated. Buchman could have represented both taxpayers with entire propriety, from anything appearing in plaintiff's pleadings or affidavits. There is nothing alleged here that imports the existence of fraud. Fraud must be alleged clearly.[4] Allegations in the form of conclusions of the pleader as to the existence of fraud are insufficient.[5]

Section 3653 prohibits suits to restrain the assessment or collection "of any tax" in any court. It has been held that injunctive relief may be granted, notwithstanding this provision, where unusual and extraordinary circumstances appear.[6] Illegality of the tax is not sufficient.[7]

One is led by a reading of the transcript to be sympathetic with the predicament and straitened circumstances in which the enforcement of the collection of the tax places this aged and infirm taxpayer. But hardship to the taxpayer does not warrant injunctive relief.[8]

hibition is in force may be enjoined by a proceeding in the proper court. * * * * * * * *

"(d) Waiver of restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."
26 U.S.C. 1946 ed. § 272.

"§ 273. Jeopardy assessments

"(a) Authority for making. If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.

"(b) Deficiency letters. If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 272(a), then the Commissioner shall mail a notice under such subsection within sixty days after the making of the assessment."
26 U.S.C. 1946 ed. § 273.

4. 24 Am.Jur. 73.

5. 24 Am.Jur. 74

6. Voss v. Hinds, 10 Cir., 1953, 208 F.2d 912, 913. See, also, Beeland Wholesale Co. v. Davis, 5 Cir., 88 F.2d 447, certiorari denied, 300 U.S. 680, 57 S.Ct. 672, 81 L.Ed. 884; Alpha Portland Cement Co. v. Davis, 5 Cir., 88 F.2d 449, certiorari denied, 300 U.S. 681, 57 S.Ct. 674, 81 L.Ed. 884; Allen v. Shelton, 5 Cir., 96 F.2d 102, certiorari denied 305 U.S. 630, 59 S.Ct. 94, 83 L.Ed. 404.

7. Allen v. Shelton, 5 Cir., 96 F.2d 102.

8. "Hardship in raising money with which to pay taxes is now common to all taxpayers, but this is not a special circumstance conferring equity jurisdiction

Attempt is made to make it appear that the taxing agencies have been over-bearing and heartless in enforcing collection of this tax, but it must not be overlooked that they are merely performing a duty, the omission to perform which would result in censure—particularly if inaction resulted in loss to the Government.

The Internal Revenue Act provides for the distraint and sale of property as a means of enforcing collection. A public sale is provided, thus assuring realization of a fair value for the assets sold. The refunding provisions provide the taxpayer may recover all he pays if he does not owe the taxes. Since any wrong he suffers may be remedied by a money consideration a denial of an injunction does not work irreparable injury.[9]

Midwest Haulers, Inc., v. Brady, 6 Cir., 128 F.2d 496 and John M. Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247 are cases in which valuable intangible assets of the taxpayer would be lost without possibility of recovery of the loss in money if distraint of tangible assets were not enjoined. No such circumstances appear here. The circumstances here are to be classed as usual, not unusual. Neither have we a situation such as was before us in Mitsukiyo Yoshimura v. Alsup, 9 Cir., 167 F.2d 104, where it was held that fraudulent conduct on the part of government agents misleading the taxpayer warranted injunctive relief. There we found fraudulent coercive action by the government agents, something entirely absent here.

■ Section 272(a) provides that where the Commissioner determines a deficiency in income taxes he shall send a notice of such deficiency to the taxpayer by registered mail and the taxpayer has ninety days thereafter in which to file a petition for redetermination by the Tax Court and that during this period no distraint or proceeding in court shall be made, begun or prosecuted. The exception to the prohibition of Section 3653 (a) applies only when the notice of deficiency has not been mailed. But the notice may be waived. Section 272(d). It follows that if the taxpayer signs such waiver he may not enjoin the Collector from proceeding in accordance with the waiver agreement, to collect the agreed tax.[10]

Form 870-TS executed in this case is a bilateral agreement, when as in this case it was accepted by the Commissioner. It constituted a final determination and agreement as to the deficiency. Section 6213(d) provides: "The taxpayer shall at any time (*whether or not a notice of deficiency has been issued*) have the right by a signed notice in writing filed with the Secretary or his delegate, to waive restrictions provided in subsection (a) on the assessment or collection of the whole or any part of the deficiency." (Emphasis supplied)

Appellant would have us hold that the assessment against him was a jeopardy assessment made pursuant to Section 273 (a), 1939 Internal Revenue Code, and was invalid because of failure to issue a statutory notice as required by Section 273(b). He argues that the issuance of the notice is necessary because only then is jurisdiction conferred on the Tax Court, so that his liability, if any, and which he denies, can be judicially determined; that the waiver was signed before the determination was made under Section 272(a); that the unilateral action by the taxpayer does not waive his right to take the case to the Tax Court. But the execution of Form 870-TS eliminates the necessity of determining either that we have here a deficiency under Section 272(a) or a jeopardy assessment

on the courts to prevent collection by injunctive process. State of California v. Latimer, 305 U.S. 255, 262, 59 S.Ct. 166, 83 L.Ed. 159." Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237, 241, 242.

9. State of California v. Latimer, 305 U.S. 255, 262, 59 S.Ct. 166, 83 L.Ed. 159; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237, 241.

10. See Associated Mutuals v. Delaney, 1 Cir., 176 F. 79, and Victory v. Manning, 3 Cir., 128 F.2d 415, and Payson v. Commissioner, 2 Cir., 166 F.2d 1008.

under Section 273(a). Section 272(d) affords to the taxpayer the right to submit a waiver "at any time". If he does file a waiver he is benefited by thereby stopping the running of interest for thirty days after filing.

Section 272(d) provides that the taxpayer may waive the restrictions on the "assessment and collection * * * of the deficiency" provided in Section 272 (a). The first of these restrictions to be met before the Commissioner may make assessment and restraint is the mailing to the taxpayer of a notice of the determination of a deficiency. A waiver to a proposed deficiency "allows the Commissioner to assess and collect the tax without sending the taxpayer a deficiency letter which can be used as a basis for a petition in the Tax Court." [11] The waiver obviated the need of sending the formal deficiency notice and precluded appeal to the Tax Court.[12]

It is to be noted that the waiver here considered was a proposal of Monge. In it, he consented to the assessment which was finally made. By its terms it is "subject to acceptance by or on behalf of the Commissioner of Internal Revenue, on the basis of the adjusted liability hereinabove proposed and is to take effect as a waiver of restrictions when filed with the Commissioner as a basis for the closing of the case, and if not thus accepted will have no force or effect." The waiver bears the following, "accepted Dec. 16, 1949. Signed, Stewart Berkshire (Head of Division)". Also, the Conference Report dated July 20, 1949 is accepted by the Head of Division under date of Dec. 16, 1949. Thus we have a bilateral agreement which includes the waiver which when accepted on behalf of the Commissioner "shall not be reopened nor shall any claim for refund be filed respecting the taxes * * *" The

acceptance by the Commissioner effected a final determination of deficiency and rendered unnecessary a formal deficiency determination.

 We conclude that the execution and acceptance of the waiver precluded the necessity of making a formal deficiency determination or a formal jeopardy assessment.

Also, plaintiff's affidavit (footnote No. 1) reveals that Monge received a notice of deficiency, including penalties, under date of December 21, 1949, as shown in the waiver and that on December 28, 1949, another notice in the same amounts. More time than the ninety day restriction elapsed between these dates and the date of the distraint of which appellant here complains.

Affirmed.

---

11. Note, 57 Harv.L.Rev. 912, 914, n. 16; See also Griswold, Cases and Materials on Federal Taxation 90 (2d ed. 1946); 9 Mertens, Law of Federal Income Taxation Secs. 49.02, 49.37, 49.99, 49.100 (1943); 3 CCH 1949 Fed.Tax Rep. par. 1354.847.

12. Mutual Lumber Company v. Poe, 9 Cir., 66 F.2d 904, 905. In the Mutual Lumber Company case, the waiver, unlike the one in the present case, was unilateral, having been signed by the taxpayer alone.