**PUBLISHERS NEW PRESS, Inc.,**
**Plaintiff,**

**v.**

**Donald C. MOYSEY, as District Director of Internal Revenue for the District of Lower Manhattan, New York, Defendant.**

United States District Court
S. D. New York.
May 23, 1956.

Harry Sacher, New York City, for plaintiff.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant, Alfred P. O'Hara, Miriam R. Goldman, Mathias L. Spiegel, Asst. U. S. Attys., New York City, of counsel.

LEVET, District Judge.

This is a motion made by the plaintiff in the above-entitled matter for an order enjoining and restraining the above-named defendant during the pendency of this action from asserting and enforcing a lien against any of the property or rights to property of the plaintiff under or pursuant to a jeopardy assessment made by the defendant against the plaintiff and from levying upon or seizing and otherwise disposing of property of the plaintiff under or pursuant to such jeopardy assessments.

In the complaint, verified by Joseph Dermer, president, the plaintiff-corporation, publisher of the "Daily Worker" and other newspapers, seeks a declaratory judgment invalidating the jeopardy assessment of deficiencies in its income taxes for the years 1951 and 1952 and invalidating the defendant's levy upon the property of the plaintiff made pursuant to such jeopardy assessment. The complaint also seeks a mandatory injunction to restrain the defendant from levying on any of the plaintiff's properties pursuant to the assessment and a mandatory injunction directing the de-

fendant to cancel the notices of lien of the United States filed pursuant to the assessment and a money judgment against defendant in the amount of $5,377.78.

The allegations of the complaint cite the First and Fifth Amendments of the United States Constitution. The plaintiff contends:

(1) That there was no basis for a belief by the defendant that the collection of any deficiency tax from the plaintiff would be jeopardized, and that, consequently, defendant violated the provisions of Title 26 U.S.C.A. § 6213(a) and abused the power and discretion vested in defendant by Title 26 U.S.C.A. § 6861 (a).

(2) That the defendant levied without notice, as required by Title 26 U.S.C.A. §§ 6212(a) and 6331(a).

(3) That defendant's levy upon the plaintiff was not for the purpose of assuring or collecting a tax, but to prevent the plaintiff from publishing its newspapers and was an abuse of the power and discretion confided in defendant by Title 26 U.S.C.A. §§ 6213(a), 6331(a) and 6861(a).

(4) That the seizure of plaintiff's funds, property and assets and further levies threatened by the defendant will prevent and destroy the publication of plaintiff's newspapers.

(5) That plaintiff is not subject to further or any income tax assessments for the following reasons:

(a) That plaintiff's annual expenses always exceeded the gross income;

(b) That plaintiff's deficits were always supplied by gifts through fund-raising campaigns;

(c) That plaintiff duly filed income tax returns for the years in question;

(d) That plaintiff has done nothing and contemplates doing nothing which would jeopardize the alleged deficiency assessment;

(e) That the defendant has erroneously treated gifts to plaintiff as income because of lack of records of donors and that such determination is arbitrary and unreasonable.

(6) That the acts of the defendant constitute an invasion of freedom of the press.

In the deposition of Joseph Dermer, submitted upon behalf of the defendant, he testified to the following:

A furrier by occupation, he is president of Publishers New Press, Inc. Although he is not familiar with all of the financial matters of the plaintiff, he conceded that plaintiff had not attempted to borrow money;

He is familiar with neither the financial operations of the plaintiff during 1951, nor with the bookkeeping. He has no personal knowledge of the allegations contained in Paragraph 19(b) of the complaint with reference to the amount received in gifts by the plaintiff. Likewise, his knowledge of the financial operations for 1952 and 1953 was not personal but was received from one Max Gordon. There are no corporate financial reports;

The purpose of the so-called "Emergency Committee for a Free Press" was to guarantee the continued circulation of the newspaper (presumably the "Daily Worker"); an appeal for funds had been made, but he knew nothing about the amount of money raised. The "Daily Worker" runs an annual bazaar;

He has never examined the books of the plaintiff, although he had signed some income tax returns. He was not too familiar with the records and legal papers because his ability was to make mink coats and not to "practice law." Among the "material" submitted to him by plaintiff's attorney there were no books and records of the plaintiff;

The last time he visited the premises of the plaintiff was about two weeks before April 28, 1956. At that time he did not examine the plaintiff's books of account or speak to any one who keeps these books, nor did he ever have occasion to speak with the person who does keep the books; and there was no other.

source of information which he had relating to plaintiff's financial condition.

Consequently, it would appear that Paragraph 3 of the affidavit in reference to the deficit of the last three months of 1951, was not based upon any knowledge of the witness Dermer.

Dermer further testified:

About ten thousand copies of the "Daily Worker" are printed each day. Publication of the "Daily Worker" began in 1924, when he was twelve years old. It is distributed through news stands and by friends of the paper who distribute it to others. Twenty-five thousand to thirty thousand copies of the national edition of the "Worker" are published each week;

He signed one of the income tax returns of plaintiff, prepared, he thinks, by a Mr. Greenbaum, and it was submitted to him by a Mr. Levin. There was a certain accountant's report and income tax statement for 1951 which he saw before signing the affidavit on the motion for injunction. These were shown to him by Mr. Sacher. There were other reports, likewise exhibited to him. Any information he had with respect to payment of the ordinary expenses of the newspaper for any particular years between 1951 and 1954 was apparently based upon accountant's reports or income tax returns.

Thus, it appears that any first-hand knowledge by Dermer of the financial affairs of the plaintiff for the year 1951 was practically nihil.

Counsel for the plaintiff upon the argument of this motion conceded that only if the record showed the complete illegality of the acts of the defendant and the complete illegality of the jeopardy assessment, could there be any basis for consideration of a preliminary injunction in this case.

■ This it definitely appears has not been shown. Joseph Dermer, who verified the complaint, by his deposition submitted here by the defendant, demonstrated his almost complete lack of knowledge of the plaintiff's financial affairs.

Even if it be deemed that his knowledge had sufficed, the complaint and the affidavit are insufficient upon which to grant this preliminary injunction against the defendant.

■ The discretion vested in the Commissioner to make jeopardy assessments is not subject to a review by this Court. Foundation Co. v. United States, 1936, 15 F.Supp. 229, 246, 247, 83 Ct.Cl. 515; Adler v. Nicholas, D.C.Colo.1946, 70 F.Supp. 514, 516, reversed on other grounds, 10 Cir., 1948, 166 F.2d 674.

■ No notice is necessary since Title 26 U.S.C.A. § 6861(b) is as follows:

"*Deficiency letters.*—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment."

There is no proof that the tax deficiency claimed by the Commissioner against the plaintiff is improper. There is no proof that under no possibility can the income of the plaintiff be subject to tax. Burke v. Mingori, 10 Cir., 1942, 128 F.2d 996; Matcovich v. Nickell, 9 Cir., 1943, 134 F.2d 837; Salsbury Motors, Inc., v. United States, 9 Cir., 1954, 210 F.2d 171; Long v. Gray, D.C.W.D.Ky. 1955, 130 F.Supp. 194.

■ It appears to be well settled that a contest between a taxpayer and a district director over the existence or the amount of a tax deficiency may not be litigated in a suit for injunction. Title 26 U.S.C.A. § 7421(a); Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L. Ed. 965; Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901; Concentrate Mfg. Corporation v. Higgins, 2 Cir., 1937, 90 F.2d 439; see Kaus v. Huston, 8 Cir., 1941, 120 F.2d 183; Jewel Shop of Abbeville v. Pitts, 4 Cir., 1955, 218 F.2d 692.

■ Congress has provided two exclusive remedies for contesting the Com-

missioner's determination of the amount of a tax liability:

(1) A petition to the Tax Court of the United States; or

(2) A suit for a refund in the United States District Court.

■ There is no invasion of plaintiff's rights of freedom of the press. See United States v. Associated Press, D.C.S.D. N.Y.1943, 52 F.Supp. 362, affirmed 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013.

■ A newspaper is subject to the same general laws of the United States as is any other industry conducted for profit. See Mabee v. White Plains Publishing Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607; Fleming v. Lowell Sun Co., D.C.Mass.1940, 36 F.Supp. 320; Lowell Sun Co. v. Fleming, 1 Cir., 1941, 120 F. 2d 213, affirmed 315 U.S. 779, 62 S.Ct. 487, 86 L.Ed. 1187.

There are no special or extraordinary circumstances which would authorize the granting of this preliminary injunction. The opinion in the Communist Party, U. S. A. v. Moysey, D.C., 141 F.Supp. 332, considers the so-called apparent exceptions to the statutory rule of Title 26 U.S.C.A. § 7421(a), which may permit the granting of a preliminary injunction against the jeopardy assessment. The present case contains no facts in line with such exceptions. In substance, the cases in which preliminary injunctions have been granted involve factual situations outside the scope of this rule. In any event, the Courts have held that injunctions may be issued only in cases in which the district director has imposed a tax where under no circumstances does the law authorize any tax, and that even in such cases, only on a clear showing of "special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence" may a preliminary injunction be granted. Miller v. Standard Nut Margarine Company of Florida,

284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422.

■ As already enunciated, there are no special or extraordinary circumstances demonstrated which bring the present case within the doctrines above mentioned and which would authorize the granting of this preliminary injunction sought by the plaintiff. None are shown by the complaint; none are shown by the affidavit; the deposition of the plaintiff demonstrates the inadequacy of the facts upon which the application is sought. Attacks on the amount of the deficiency judgment sought to be collected through the means of a jeopardy assessment are insufficient. The fact that the plaintiff may be forced to discontinue publication is a hardship which is no reason for this Court's equitable intervention. Milliken v. Gill, 4 Cir., 1954, 211 F.2d 869, certiorari denied 348 U.S. 827, 75 S.Ct. 47, 99 L.Ed. 652; Dyer v. Gallagher, 6 Cir., 1953, 203 F.2d 477; Darnell v. Tomlinson, 5 Cir., 1955, 220 F.2d 894.

■ There is no violation of due process and no portion of the First or Fifth Amendments to the Constitution may be invoked to substantiate the preliminary relief sought by this application. Those who exercise rights protected by the First Amendment to the Constitution are subject to the ordinary income and property taxes which are imposed on all. Watchtower Bible & Tract Soc. v. Los Angeles County, 9 Cir., 1950, 181 F.2d 739, certiorari denied 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602; see Oklahoma Press Pub. Co. v. Walling, 1946, 327 U.S. 186, 192–193, 66 S.Ct. 494, 90 L.Ed. 614; Follett v. Town of McCormick, 1944, 321 U.S. 573, 578, 64 S.Ct. 717, 88 L.Ed. 938.

For further discussion of principles controlling here, see opinion in The Communist Party, U. S. A. v. Moysey, D.C., 141 F.Supp. 332.

Accordingly, the plaintiff's motion is denied.

Settle order on notice.