**E. C. LLOYD, Appellant,**

v.

**George D. PATTERSON, District Director of Internal Revenue, District of Alabama, Appellee.**

No. 16274.

United States Court of Appeals
Fifth Circuit.

April 3, 1957.

William S. Pritchard, Winston B. Mc-Call, Birmingham, Ala., Pritchard, Mc-Call & Jones, Birmingham, Ala., of counsel, for appellant.

Meyer Rothwacks, Harry Baum, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, W. L. Longshore, U. S. Atty., Atley A. Kitchings, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

## PER CURIAM.

This is an appeal by Lloyd from an order sustaining appellee's motion to dismiss Lloyd's complaint which sought an injunction restraining the appellee from collecting any taxes under a jeopardy assessment and federal tax lien filed, together with directions to appellee to void the tax lien and to release or abate the lien to the extent of $15,000 to cover expense incurred and to be incurred by Lloyd in connection with civil and criminal proceedings then pending in the Tax Court and District Court in Alabama, respectively. The motion to dismiss was based upon the grounds that the suit was barred by virtue of § 7421 (a) Internal Revenue Code 1954, 26 U.S. C.A. § 7421(a), and that the complaint failed to state a claim upon which relief could be granted, in that the tax lien was the property of the United States, which was not made a party to the suit. Our only question here is whether the Court properly dismissed the complaint.

The jeopardy assessment remaining unpaid, a federal tax lien was filed by the appellee on the 19th of August, 1953, against all the properties of Lloyd in favor of the United States covering deficiencies for the years 1943 through 1947. The jeopardy assessment was of the total sum of $165,631.25. Lloyd's liability for the deficiencies is presently pending before the Tax Court and, at the time he filed his complaint in the District Court, he was being prosecuted criminally under § 145(b), Code 1939, 26 U.S.C.A. § 145(b).

Through his attorney Lloyd applied to appellee to release the lien to the extent of $15,000 to cover the cost of expense incurred, and to be incurred, incident to further proceedings involved in the criminal prosecution.[1] This request was denied, precipitating the filing of this suit. Lloyd contends that, unless the lien is released to the extent requested and collection restrained, he will be denied his constitutional rights of a fair trial under the Fifth and Sixth Amendments in that he will be unable to retain and pay competent legal and accounting services for preparation of his defense, both civilly and criminally, which is a special and extraordinary circumstance sufficient to bring the case within the Court's equity jurisdiction, making injunctive relief proper despite § 7421(a). Holland v. Nix, 5 Cir., 1954, 214 F.2d 317.

Section 7421(a) provides, in so far as applicable here, that " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."[2]

We think the appeal is without merit and was properly dismissed under § 7421(a). Section 273(a), Code 1939, 26 U.S.C.A. § 273(a), vests in the Commissioner authority to make a jeopardy assessment when he "believes that the

---

1. Lloyd's conviction in the District Court was reversed and remanded for a new trial. Lloyd v. United States, 5 Cir., 1955, 226 F.2d 9.

2. Similar provisions to this section are contained in § 3653, Code 1939, 26 U.S. C.A. § 3653, which was derived from R.S. § 3224.

assessment or collection of a deficiency will be jeopardized by delay." It is within the sole legal discretion and judgment of the Commissioner to determine when this authority is to be exercised.[3]

The jeopardy assessment could have been stayed by filing a bond, § 273(f), Code 1939,[4] but appellant did not take advantage of this provision. Furthermore, if the jeopardy is found not to exist, provision is made for its abatement. § 273(k).[4]

■ The provision of § 7421(a) prohibiting a suit "for the purpose of restraining the assessment or collection of any tax" is not absolute and, under "extraordinary and exceptional circumstances", an injunction may issue. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Holland v. Nix, supra; Milliken v. Gill, 4 Cir., 1954, 211 F.2d 869; Dyer v. Gallagher, 6 Cir., 1953, 203 F.2d 477, and 9 Mertens, Law of Federal Income Taxation, § 49,172. Absent these circumstances, an action seeking to restrain the assessment or collection of a tax will not be entertained. Darnell v. Tomlinson, supra; Harvey v. Early, 4 Cir., 1947, 160 F.2d 836; Robique v. Lambert, D.C., 114 F. Supp. 305, affirmed 5 Cir., 1954, 214 F.2d 3; Dyer v. Gallagher, supra, and 9 Mertens, § 49.170. This same prohibition applies to the cancellation of a lien. Larson v. House, 5 Cir., 1940, 112 F.2d 930.

■ Hardship on a taxpayer does

not warrant the issuance of an injunction under § 7421(a). Robique v. Lambert, supra; Monge v. Smyth, 9 Cir., 1956, 229 F.2d 361, 366. Milliken v. Gill, supra. Though Lloyd may be placed in financial straits in discharging his obligation to his counsel and possibly burdened in obtaining counsel if his present counsel in the civil litigation refuses longer to represent him, as well as be burdened in obtaining the services of an accountant if this is necessary, we cannot presently say these are extraordinary and exceptional circumstances warranting the cancellation or abatement of the lien or enjoining the collection. Under the circumstances before us, it would be mere speculation for us to now decide that Lloyd would be denied his constitutional rights of a fair hearing in the civil matter to be heard some time in the future because the United States has made unavailable to him his properties due to the tax lien imposed under the jeopardy assessment. Only upon a posttrial study of the whole case can it be determined whether Lloyd's constitutional rights were violated.

■ Moreover, since this complaint was filed by Lloyd, he has pleaded *nolo contendere* to the criminal charges pending against him and fined $3,500, rendering moot his contention, in regard to the criminal prosecution, of denial of his constitutional rights.

The order of dismissal is

Affirmed.

3. See 9 Mertens, Law of Federal Income Taxation § 49.106, pp. 91–92, and cases there cited (Note 69), where the courts have refused to substitute their judgment for that of the Commissioner or inquire into the grounds of his belief. To the same effect see Foundation Co. v. United States, 1936, 15 F.Supp. 229, 246, 83 Ct. Cl. 513; Adler v. Nicholas, D.C.Col.,

1946, 70 F.Supp. 514, and Communist Party, U.S.A. v. Moysey, D.C.N.Y.1956, 141 F.Supp. 332. And cf. Darnell v. Tomlinson, 5 Cir., 1955, 220 F.2d 894, 897.

4. These provisions have been carried forward in § 6861, Code 1954, 26 U.S.C.A. § 6861.