**Jonathan HOLDEEN, Plaintiff,**

v.

**Riley J. RATERREE, as District Director of Internal Revenue, Defendant.**

**Civ. No. 6534.**

United States District Court
N. D. New York.

Aug. 6, 1957.

Jonathan Holdeen in pro. per.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Frederic G. Rita, Atty., Dept. of Justice, Washington, D. C., for defendant.

BRENNAN, Chief Judge.

The problem posed by this motion requires the determination of whether or not the allegations of the complaint disclose such extraordinary circumstances as to exempt it from the apparently un-

conditional language of Section 7421 of the Internal Revenue Code 1954, 26 U.S. C.A. § 7421, which prohibits an action brought to restrain the collection of a tax.

This is such an action. The complaint alleges that on November 28, 1956 the Commissioner of Internal Revenue transmitted to the plaintiff "ninety day" letters advising that deficiencies had been determined in plaintiff's income tax for the years 1945 to 1950 inclusive, in the total amount of $767,483. It is also alleged that additional deficiencies are about to be determined for the years 1951 to 1953 inclusive in an amount of over $500,000. All of such deficiencies arise from generally the same factual background.

Commencing about 1936 and intermittently thereafter, the plaintiff by written instruments established a number of trusts (between 160 and 170) and the taxing authority after extensive investigation extending over a period of years determined that the income and capital gains realized by at least some of the trusts were properly taxable to the plaintiff individually rather than to the trustees or beneficiaries thereof. Other comparatively small adjustments were made in plaintiff's returns for particular years. The deficiencies above mentioned resulted.

Upon receipt of the ninety day letters according to the allegations of the complaint, the trustees of at least some of the trusts petitioned the tax court for a redetermination of the asserted deficiencies " * * * so that judicial determination of the legal effect of said trust instruments is pending in said court." (Complaint, Paragraph 20).

The plaintiff took no action upon receipt of the ninety day letters although the allegations of the complaint show that he was acquainted with the alternative remedies available under Section 6213 and 7422, 26 U.S.C.A. §§ 6213, 7422, and as outlined in Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. The deficiencies above mentioned have therefore been assessed.

Section 6213(c). The supplemental complaint alleges that plaintiff has paid about five thousand dollars per week to apply thereon, commencing about March 1, 1957 and extending up to sometime in June 1957. No affirmative action, other than the making of the assessments has been taken by the defendant looking to the payment thereof. Demand for refund has been made and plaintiff awaits the expiration of the six months period before commencing an action to compel repayment. Section 6532, Internal Revenue Code 1954, 26 U.S.C.A. § 6532.

Passing from the above general outline of this action, numerous judicial precedents are found, which delineate the guiding principles to a determination of the problem involved.

The existence or amount of the tax deficiencies may not be litigated in this injunction action. Publishers New Press v. Moysey, D.C., 141 F.Supp. 340, at page 343 and cases cited; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237, at page 240.

A showing of extraordinary and exceptional circumstances must be found in the complaint if an escape is to be made from the prohibition of Section 7421, Internal Revenue Code. This seems to be the generally accepted rule. Monge v. Smyth, 9 Cir., 229 F.2d 361; Jewel Shop of Abbeville v. Pitts, 4 Cir., 218 F.2d 692; Milliken v. Gill, 4 Cir., 211 F.2d 869; Matcovich v. Nickell, 9 Cir., 134 F.2d 837 and Bushmiaer v. U. S., D.C., 146 F.Supp. 329. The requirement may be phrased in different language but a patent injustice resulting in an irreparable wrong is essential. In our own circuit the Court of Appeals has expressed the requirement as " * * * a case of gross and indisputable oppression, without adequate remedy at law." Concentrate Mfg. Corp. v. Higgins, 2 Cir., 90 F.2d 439 at page 441 and in National Foundry Co. of New York v. Director, 2 Cir., 229 F.2d 149, at page 151 as " * * * where the tax is clearly illegal or other special circumstances of an unusual character make an appeal

to equitable remedies appropriate." That such circumstances may exist in different factual situations to the extent of exempting them from the general rule is not disputed. See cases cited in Communist Party v. Moysey, D.C., 141 F. Supp. 332, at page 338. Their existence here under the allegations of the complaint is the question.

■■ Turning back to the complaint it is found that the plaintiff seems to differentiate between the alleged acts of the "Commissioner" and those of the defendant. Bad faith, undue delay, arbitrary and illegal acts on the part of the Commissioner are alleged in a conclusive manner. But the Commissioner is not a defendant here and the allegations applying to defendant fall far short of fraud on his part. The equitable jurisdiction of the court seems to be invoked principally by the allegations of paragraph 34 which in some detail shows the financial condition of the plaintiff. In substance it is alleged that if payment of the deficiencies is presently required, the sale of plaintiff's assets would result in a capital gains tax exceeding $100,-000 which plaintiff would be unable to recoup in an action brought to obtain a refund. It is to be noted that there is no allegation which denies or disputes plaintiff's financial ability to make payment. Insolvency is not even threatened. The existence of a business is not imperiled. At most plaintiff suffers an inconvenience and the possibility of an additional tax with a resulting financial loss.

The allegations are plainly insufficient. A financial burden is not an uncommon by-product of taxing statutes. Even the appealing circumstances found in Monge v. Smyth, supra, are absent here. The following quotation from State of California v. Latimer, 305 U.S. 255, at page 262, 59 S.Ct. 166, 170, 83 L.Ed. 159, is decisive. "Mere inconvenience to the taxpayer in raising the money with which to pay taxes is not uncommon, and is not a special circumstance which entitles one to resort to a suit for an injunction * * * *".

The defendant's motion to dismiss this action is granted and plaintiff's motion for a preliminary injunction falls with such dismissal and it is,

So Ordered.