**Sam G. McDONALD, Appellant,**

v.

**Robert L. PHINNEY, Director of Internal Revenue, First District of Texas, and the United States, Appellees.**

No. 18558.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1961.

Frank L. Scofield, Austin, Tex., for appellant.

C. Moxley Featherston, Lee A. Jackson, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Russell B. Wine, U. S. Atty., San Antonio, Tex., A. F. Prescott, Norman H. Wolfe, Attorneys, Department of Justice, Washington, D. C., K. Key Hoffman, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellees.

Before TUTTLE, Chief Judge, and JONES and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

Notice was served by mail on appellant on November 29, 1955, as to certain deficiencies in federal income tax payments for 1946, the deficiency claimed by the United States being in the amount of $44,997.26, plus fraud penalties of $22,-498.63, under the Internal Revenue Code of 1939, § 293(b), 26 U.S.C.A. § 293(b), and additional penalties for a substantial underestimation of tax of $2,709.24 under Section 294(d) (2), 26 U.S.C.A. § 294(d) (2).

On February 20, 1956, appellant filed a petition in the Tax Court in order to obtain a redetermination of the alleged deficiency. The issues raised in that petition did not, however, come to trial but were settled on a stipulation of counsel. The settlement contemplated a deficiency of $6,500 plus an additional sum of $325, as provided by section 293(a) of the Code of 1939. On February 3, 1958, the Tax Court entered judgment against appellant on the basis of this stipulation between the parties. No appeal was taken from the judgment so entered.

On October 2, 1959, appellant filed a complaint in the district court by which he prayed for an injunction to prohibit the assessment of taxes, penalties or interest due against him for 1946 and to further prohibit any levy against his property. In support of his petition he alleged that the assessment and collection of the claim are barred by the statute of limitations, and, further, that he lacked sufficient funds to pay the sum alleged to be owing to the government and that to allow the government to collect such sums would be to subject his property to a forced sale by reason of which he would suffer irreparable damage. On this basis appellant claimed that he was entitled to equitable relief because he could not, without considerable damage to himself, pursue his legal remedy, that of making payment of the sums alleged to be owed the government and of bringing suit for a refund. The effect of this situation, claimed appellant, was to make a legal remedy unavailable to him.

A temporary injunction was granted by the district court on November 17, 1959, but the district court refused to make the injunction permanent and on December 4, 1959, on the motion of the District Collector and the government, the court dismissed the complaint under the provisions of 26 U.S.C.A. § 7421, 28 U.S.C.A. § 2410, and 28 U.S.C.A. § 2201. This cause was dismissed on April 18, 1960, and it is from that judgment of dismissal that this appeal is pursued.

We think that the trial court acted properly in dismissing the complaint. Section 7421 clearly prohibits suits to restrain assessment or collection of taxes except in certain cases not relevant to the present inquiry. While it is true that, notwithstanding the statutory prohibition against such suits, they have been allowed under certain circumstances, see, e. g. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, they are not permitted when the complaining party asserts financial hardship and nothing or little more. State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663; Lloyd v. Patterson, 5 Cir., 242 F.2d 742; Enochs v. Green, 5 Cir., 270 F.2d 558; Robique v. Lambert, D.C., 114 F.Supp. 305, affirmed per curiam 5 Cir., 214 F.2d 3. We think it clear that the facts involved in the instant case necessitate its falling into the latter class of cases, for appellant has failed to show the extraordinary circumstances which would justify the issuance of an injunction by the district court. See United States v. Curd, 5 Cir., 257 F.2d 347; Tomlinson v. Poller, 5 Cir., 220 F. 2d 308, and Darnell v. Tomlinson, 5 Cir., 220 F.2d 894.

Taking the view we do of this case, it becomes unnecessary for us to rule on the remaining points raised by appellant in his brief, set out below as stated by appellee:

"2. Whether the judgment of the Tax Court, entered upon such stipulation, is res judicata with respect to the federal income taxes of the taxpayer for the year involved in those proceedings.

"3. Whether the United States, without its consent, may be made a party to a suit for injunction against the assessment or collection of federal income taxes by virtue of the limited waiver of sovereign immunity contained in 28 U.S.C., Section 2410(a) with respect to certain actions to quiet title or for the foreclosure of a mortgage or other lien upon property."

It is, therefore, the judgment of this Court that the order of the district court be affirmed.