**Noel SMITH, Appellant,**

v.

**Ernest M. FLINN, Director of Internal Revenue, Appellee.**

**No. 16065.**

United States Court of Appeals
Eighth Circuit.

March 25, 1959.

Harry Richards, U. S. Atty. and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., filed Petition of Appellee for Rehearing.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

PER CURIAM.

Our opinion, 261 F.2d 781, directed the issuance of an injunction against the Director of Internal Revenue and his staff, forbidding them to sell any more of appellant's property contrary to the provisions of 26 U.S.C.A. § 6863(b) (3), under a levy made upon such property after a deficiency determination and jeopardy assessment against appellant.

The facts and statements which were before us on the record and argument of the case, and which the Director did not at that time in any way challenge or dispute, showed that sales had been authorized by a revenue agent of appellant's 1957 crops and part of his 1958 crops, in a manner clearly violative of the prescriptions of § 6863(b) (3).

We were of the unanimous opinion that these facts, as thus seemingly admitted, responsibly called upon us to order that the Director and his staff be prevented from engaging in any further such improper selling steps as to the remaining property covered by the levy.

The Director has since filed a petition for rehearing, complaining of our having directed the issuance of an injunction, "without giving the Director an opportunity to introduce evidence to support his position". While he did not heretofore contend or suggest that there was any question as to the facts reflect-

ed by the record and the statements made before us, he now requests us to consider the situation in relation to the circumstance that the complaint was dismissed by the trial court at the close of appellant's evidence, so that there was no occasion for the Director to have offered any evidence in contradiction. The petition for rehearing asserts that, "It is submitted that many facts may be brought out by the Director in support of his case if he had the opportunity to do so."

In this somewhat anomalous situation, we deemed it desirable to assure ourselves that the petition for rehearing did not just constitute a hollow request or procedural tactic, and we therefore invited the Director to make indication of what material facts he was in a position to produce evidence on, if we remanded the case to the District Court for a further hearing.

A showing has been filed, which could, on competent proof being made at a hearing, give rise to an equivocalness as to some of the incidents on which we relied, and which might therefore entitle these aspects to be evaluated by the trial court, as a matter of appraising the conduct involved in its whole.

It still is plainly certain, however, that sales have been authorized in violation of § 6863(b) (3) as to part of the property covered by the levy, so that our direction for the issuance of an injunction could legally be allowed to stand, in order to insure that no more such sales would be engaged in as to the rest of appellant's property standing under lien and levy. But fuller development of the aspects covered by the Director's showing as to some of the other property may perhaps be capable of adding light and explanation on the apparent attitude and conduct of the Director's staff in the situation, and so we shall remand the case to the District Court for another hearing.

Our previous opinion is accordingly modified, to grant a remand to the District Court, with directions to vacate the order of dismissal heretofore made by

that Court; to hold a further hearing; and to enter a judgment in the situation on the basis thereof, not inconsistent with our opinion as related to this expression on the petition for rehearing.

With this modification of our opinion, the petition for rehearing is denied.