382 F.2d 793
 TRANSPORT MANUFACTURING & EQUIPMENT COMPANY OF DELAWARE, a Delaware Corporation, Appellant,
v.
Edwin P. TRAINOR, District Director of Internal Revenue, Sheldon S. Cohen, Commissioner of Internal Revenue, and Henry H. Fowler, Secretary of the Treasury of the United States, Appellees.
 No. 18672.
 United States Court of Appeals Eighth Circuit.
 August 16, 1967.
 
 COPYRIGHT MATERIAL OMITTED Guy A. Magruder, Jr., Kansas City, Mo., for appellant; Terrell, Van Osdol & Magruder, Kansas City, Mo., on the brief.
 Anthony Zell Roisman, Attorney, Tax Division, Dept. of Justice, Washington, D. C., for appellees; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attorneys, Tax Div., Dept. of Justice, and Richard D. Fitz-Gibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., on the brief.
 Before MATTHES, MEHAFFY and LAY, Circuit Judges.
 MATTHES, Circuit Judge.
 
 
 1
 Transport Manufacturing & Equipment Company of Delaware filed an action in the nature of mandamus against Edwin O. Bookwalter, Sheldon S. Cohen, and Henry H. Fowler, appellees, in regard to its income tax liability for the years 1949 through 1953, inclusive, and the jeopardy assessment made in connection with such liability.[1] Plaintiff sought to compel appellees to accept payment of its liability for income taxes, penalties and interest for the years in question, and upon receipt thereof to make a finding that no jeopardy existed in respect to the collection of the tax due, and thereupon to abate the jeopardy assessment.[2] Appellee, the District Director of Internal Revenue, moved to dismiss the action on the grounds that (1) the complaint failed to state a claim upon which relief can be granted, and (2) the court lacked jurisdiction over the subject matter. The district court ordered the action dismissed on ground (1) of the motion. Plaintiff (hereinafter appellant) appeals from that order.
 
 
 2
 Since appellant's cause of action was dismissed, we look to the complaint for the facts. The District Director, Edwin O. Bookwalter, had asserted against appellant, as transferee, income tax deficiencies, penalties and interest approximating $3,300,000.00 in respect of the tax liability of appellant's predecessor and transferor corporation for the years 1949 through 1953. In July, 1958 appellant petitioned the Tax Court for a redetermination of the deficiencies. On September 14, 1960 Bookwalter, under Section 273(a) of the Internal Revenue Code of 1939, made a jeopardy assessment against appellant and its transferor in the total amount of $3,301,998.11.[3]
 
 
 3
 The Tax Court on July 14, 1964 filed its opinion directing that decision be entered pursuant to Rule 50. 23 C.C.H. Tax Ct.Mem. 1113 (1964). On February 4, 1966 Bookwalter completed computation of appellant's liability for the years in question in accordance with the opinion of the Tax Court.
 
 
 4
 Pursuant to agreement with the Internal Revenue Service, appellant has made various payments on its tax liability. After receiving credit for these payments, appellant's liability as of March 1, 1966, for the years in question, was $150,136.41 in tax and $16,816.68 in penalties, or a total of $166,953.09.
 
 
 5
 On April 9, 1965 the District Director, in conformity with the Rule 50 computation, abated the jeopardy assessment to the extent of $1,108,327.28 in tax $350,753.33 in penalties, and $527,083.21 in interest. The remainder of the jeopardy assessment has not been abated.
 
 
 6
 Appellant has repeatedly offered to pay the tax and penalties for which it is liable, plus 6% interest thereon from the date the tax was due to the date of final payment. Appellant alleges that appellee owes it a duty to accept the tendered payment and upon receipt thereof to find that no jeopardy exists as to the collection of the amount due, and thereupon to abate the jeopardy assessment; appellee, however, has refused to accept such payment and to make any determination as regards the existence or nonexistence of jeopardy and the abatement of the jeopardy assessment.
 
 
 7
 The threshold question is whether the district court had jurisdiction of the matter at issue. If jurisdiction is lacking, the power of this Court is limited to correcting the error of the district court in entertaining jurisdiction. Vorachek v. United States, 337 F.2d 797, 798 (8th Cir. 1964); Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 27 (8th Cir. 1964).
 
 
 8
 Resolution of this preliminary question depends upon the nature and purpose of appellant's action. Appellee submits that appellant is seeking to restrain the assessment and collection of a tax, and that the action is therefore barred by the provisions of Section 7421 of the Internal Revenue Code of 1954.[4] In support of his claim of no jurisdiction appellee also asserts that this action is "tantamount to a suit for a declaration of rights as to the correctness of the assessment," and therefore falls within 28 U.S.C. § 2201.[5] Thirdly, appellee proposes that this suit is also barred by Section 6404(b) of the Internal Revenue Code of 1954.[6]
 
 
 9
 Appellant takes issue with these jurisdictional arguments and contends that it is merely seeking the performance of appellee's duty to make a determination of whether or not, when appellant offers to pay the full amount of its liability, jeopardy exists as to the collection of that sum — "that by its nature this proceeding is a request for action in conformity with law, not restraint."
 
 
 10
 From our analysis of the complaint, in light of the briefs and the controlling law, we are convinced that there is more to this lawsuit than suggested by appellant.
 
 
 11
 One of the concomitants of a jeopardy assessment, and the bone of contention here, is the interest on the jeopardy assessment which is collected as part of the tax. Under Section 294 of the Internal Revenue Code of 1939 (applicable here), the deficiency in income taxes, plus penalties and interest thereon, bear interest on the whole from the date of the jeopardy assessment. In short, the interest is compounded, or the original interest itself bears interest from the date of the jeopardy assessment.[7] Cf. Ginsburg v. United States, 278 F.2d 470, 472-473 (1st Cir. 1960), cert. denied, 364 U.S. 878, 81 S.Ct. 166, 5 L.Ed.2d 101 (1960); 9 Mertens, Federal Income Taxation, §§ 49.144-49.152.
 
 
 12
 In our case the "interest on interest" amounts to approximately $150,000. Although appellant premises its suit on its ability and willingness to pay the entire amount of income tax, penalties and interest due for the years 1949-1953, it has failed to tender the compounded interest due under the jeopardy assessment, and, as both parties recognize, that item would be eliminated from appellant's tax liability if the jeopardy assessment is abated. Such a result would follow under Section 273(k) of the 1939 Code which provides, in effect, that if the jeopardy assessment is abated, it shall be treated as never having been made.
 
 
 13
 Thus despite appellant's attempt to cloak its lawsuit as an action in the nature of mandamus to compel the District Director to revoke his finding of jeopardy and thereupon abate the jeopardy assessment, we are firmly of the opinion that its suit is tantamount to an action for an injunction to restrain the District Director from continuing in effect an assessment of taxes against it and from collecting a part of its tax liability, and therefore falls within the bar of Section 7421(b) of the Internal Revenue Code of 1954, which provides:
 
 
 14
 "(b) Liability of transferee or fiduciary. —
 
 
 15
 No suit shall be maintained in any court for the purpose of restraining the assessment or collection * * * of —
 
 
 16
 (1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any internal revenue tax * * *."
 
 
 17
 The courts, moreover, have uniformly held that the proscription of Section 7421 applies to suits to restrain the collection of jeopardy assessments as well as to ordinary assessments. Licavoli v. Nixon, 312 F.2d 200 (6th Cir. 1963); Melvin Building Corporation v. Long, 262 F.2d 920 (7th Cir. 1958); Lloyd v. Patterson, 242 F.2d 742 (5th Cir. 1957); Homan Mfg. Co. v. Long, 242 F.2d 645 (7th Cir. 1957). See also Milliken v. Gill, 211 F.2d 869 (4th Cir. 1954), cert. denied, 348 U.S. 827, 75 S.Ct. 47, 99 L.Ed. 652 (1954), decided under 26 U.S.C. § 3653, the predecessor of Section 7421.[8]
 
 
 18
 The provisions of Section 7421(b) and its predecessors are not an absolute bar to the maintenance of a taxpayer's suit, and under "extraordinary and exceptional circumstances," an injunction may issue. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509-510, 52 S.Ct. 260, 76 L.Ed. 422 (1932); Hill v. Wallace, 259 U.S. 44, 62, 42 S.Ct. 453, 66 L.Ed. 822 (1922); Smith v. Flinn, 261 F.2d 781, 784-785 (8th Cir. 1958), modified on petition for rehearing, 264 F.2d 523 (8th Cir. 1959); Yoke v. Mazzello, 202 F.2d 508, 509-510 (4th Cir. 1953); Shelton v. Gill, 202 F.2d 503, 506 (4th Cir. 1953); Kaus v. Huston, 120 F.2d 183, 185 (8th Cir. 1941). Under the doctrine of Miller v. Standard Nut Margarine Co., supra, a taxpayer to avoid the bar of Section 7421(b) must show both the illegality of the tax as applied to him and the existence of "extraordinary or exceptional circumstances" which warrant equitable relief. Cf. Missouri Valley Intercollegiate Athletic Ass'n. v. Bookwalter, 276 F.2d 365, 366-367 (8th Cir. 1960); Homan Mfg. Co. v. Long, supra, 242 F.2d at 651-653.
 
 
 19
 Appellant does not challenge the legality of the original $3,300,000 jeopardy assessment nor does it contest the amount of its present tax liability[9] (except the compounded interest). Neither does it argue that the jeopardy assessment, per se, will result in financial ruination. There is no contention that as a result of the jeopardy assessment appellant's property has been or will be seized and sold under distraint proceedings, as was true in Smith v. Flinn, supra. Indeed, as shown above, pursuant to an agreement with the Internal Revenue Service appellant has made periodic payments on its tax liability. The record is barren of any facts disclosing those "extraordinary and exceptional circumstances" necessary to invoke equitable relief. At best all we have is the bare conclusionary statement that appellee has acted arbitrarily, capriciously, and unreasonably in refusing to exercise the authority conferred upon him to determine that no jeopardy exists and to abate the jeopardy assessment. We can not ascribe to the view that the continued existence of the jeopardy assessment is coextensive with appellant's outstanding tax liability. It would be illogical to accrue "interest on interest" under a valid jeopardy assessment, and then abate the same "ab initio" at the time a taxpayer finally seeks to settle his tax liability.
 
 
 20
 Under the more recent pronouncement of the Supreme Court in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292 (1960), appellant's action would fail unless the District Director's claim of liability was shown to be totally without foundation. In outlining the principles applicable to restraint proceedings, the Court clearly circumscribed the area of equitable relief within Section 7421:
 
 
 21
 "Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act [Section 7421(a)] is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in `the guise of a tax.' Id., 284 U.S. at 509, 52 S.Ct. at 263.
 
 
 22
 "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. * * *" 370 U.S. at 7, 82 S.Ct. at 1129.
 
 
 23
 Appellant certainly does not meet the rigid requirements of the test set forth in Williams Packing. It cannot seriously contend that the interest due under the District Director's jeopardy assessment is merely an exaction "in the guise of a tax."
 
 
 24
 Furthermore, we believe that the same principles that govern the validity of the District Director's imposition of a jeopardy assessment should also apply to and control his refusal to abate that assessment. Under Section 273(a) of the Internal Revenue Code of 1939, which gives to the District Director broad discretionary power to make jeopardy assessments, the single limitation on the exercise of the Director's authority is that he must believe that the ultimate collection of the tax will be jeopardized by delay. For this reason the courts have refused to scrutinize the grounds underlying the Director's determination of jeopardy and have accordingly declined to substitute their judgment for that of the Director. Field v. United States, 263 F.2d 758, 763 (5th Cir. 1959), cert. denied, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959); Lloyd v. Patterson, supra, 242 F.2d at 744; Publisher's New Press, Inc. v. Moysey, 141 F.Supp. 340, 343 (S.D.N.Y. 1956); Communist Party, U. S. A. v. Moysey, 141 F.Supp. 332, 336 (S.D.N.Y. 1956). The corresponding authority to abate jeopardy assessments, conferred upon the District Director under Section 273(k) of the 1939 Code,[10] is of a similar discretionary character, and does not impose a mandatory duty on the Director to abate a particular jeopardy assessment. Cf. Poretto v. Usry, 295 F.2d 499 (5th Cir. 1961), cert. denied, 369 U.S. 810, 82 S.Ct. 687, 7 L.Ed.2d 612 (1962). Absent some patent showing of illegality and other extraordinary or exceptional circumstances, we will not intercede to compel the abatement of an otherwise proper jeopardy assessment.
 
 
 25
 In view of our holding we pretermit discussion of appellee's contentions that the action is barred under 28 U.S.C. § 2201 and Section 6404(b) of the Internal Revenue Code of 1954; and that the complaint fails to state a claim upon which relief can be granted.
 
 
 26
 The order of dismissal is modified to show that the cause is dismissed for lack of jurisdiction, and as so modified, the order is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Subsequent to the commencement of this action, Edwin P. Trainor was appointed District Director of Internal Revenue and has been duly substituted as a party for Bookwalter, who has resigned
 
 
 [2]
 Although plaintiff has brought his action against the Secretary of the Treasury and the Commissioner of Internal Revenue as well as the District Director of Internal Revenue, we will refer to the latter alone as appellee, since authority to abate a jeopardy assessment has been lawfully delegated to the District Director under T.D. 6585, 1962-1 Cum.Bull. 290
 
 
 [3]
 Int.Rev.Code of 1939, ch. 1, § 273(a), 53 Stat. 84 (now Int.Rev.Code of 1954, § 6861(a)), which gives the District Director authority to make jeopardy assessments, provides:
 "If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof."
 
 
 [4]
 26 U.S.C. § 7421 provides in pertinent part:
 "Except as provided in sections 6212 (a) and (c), 6213(a), and 7426(a) and (b) (1) (not applicable here), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person * * *."
 
 
 [5]
 The Declaratory Judgment Act, 28 U.S.C. § 2201, provides:
 "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, * * * may declare the rights and other legal relations of any interested party seeking such declaration * * *." (Emphasis added.)
 
 
 [6]
 26 U.S.C. § 6404(b) provides:
 "No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under sub-title A or B (Income, estate and gift taxes)."
 
 
 [7]
 Section 6601(f) (2) of the 1954 Code abolishes the payment of "interest on interest" for tax years after 1953
 
 
 [8]
 Since Section 294(b) provides that the "interest on interest" imposed under a jeopardy assessment is considered part of the tax due, it seems clear that the bar of Section 7421(b) applies to suits to restrain the assessment of interest under a jeopardy assessment as well as to suits to restrain the assessment or collection of taxes
 
 
 [9]
 Appellant asserts in its brief that it can show that the "entire amount of its liability for tax, penalty and interest to Sept. 14, 1960 * * * has in fact been fully paid * * *", but nowhere does appellant suggest that it has paid or offered to pay the compounded interest that has accrued and which constitutes a part of its tax liability
 
 
 [10]
 Int.Rev.Code of 1939, ch. 1, § 273(k), 53 Stat. 84 (now Int.Rev.Code of 1954, § 6861(g), provides:
 "The Secretary [or his delegate] may abate the jeopardy assessment if he he finds that jeopardy does not exist. * * *" (Emphasis added.)