**Charles D. BREMSON, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 78–0496–CV–W–2.**

United States District Court, W. D. Missouri, W. D.

Oct. 6, 1978.

---

Robert R. McQuain, Robert W. Boland, Jr., Kansas City, Mo., for plaintiff.

Angello I. Castelli, Tax. Div., Dept. of Justice, Washington, D. C., Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF INJUNCTIVE RELIEF UNDER COUNT I OF THE COMPLAINT

COLLINSON, District Judge.

### I. *Statement of the Case*

This is an action to enjoin the collection of income taxes.[1] Plaintiff's income tax liability for the period of January 1, 1978 through May 13, 1978 was calculated pursuant to a termination assessment under the provisions of 26 U.S.C. § 6851. The facts of the case, and the history of the proceedings in this Court, are fully set out in the Court's order of August 31, 1978. *Bremson v. United States*, 459 F.Supp. 121 (W.D.Mo.1978).

At plaintiff's request, the Court has taken judicial notice of all relevant provisions of the Internal Revenue Code. (Tr. 61). The Court will also take judicial notice of facts brought to its attention, with necessary information, in correspondence from plaintiff's counsel. Rule 201(d), Fed.R. Evid. Accordingly, the Court judicially notices the fact that foreclosure proceedings have begun under the tax liens at issue in this case.[2] Further, the Court judicially notices the fact that the bonding company covering plaintiff's $100,000.00 bond in the related criminal proceedings[3] has surrendered plaintiff to the United States Marshal as a result of these foreclosure proceedings and that plaintiff is now in federal custody in the Wyandotte County Jail.[4]

Suits to enjoin tax collection are generally barred by 26 U.S.C. § 7421(a), which provides:

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Thus, unless plaintiff can bring this case within one of the stated exceptions enumerated in the statute, or within the judicially created exception enunciated in *Miller v. Nut Margarine Co.*, 284 U.S. 498, 509–510,

1. The complaint is in two counts. By order entered August 31, 1978, the Court denied all relief requested under Count II which sought judicial review of the assessment at issue under the provisions of 26 U.S.C. § 7429(b).

2. Letter from plaintiff's counsel dated September 13, 1978.

3. Tr. 16, 55.

4. Letters from plaintiff's counsel dated September 25, 1978 and September 29, 1978.

52 S.Ct. 260, 76 L.Ed. 422 (1931), and *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), this Court has no jurisdiction to enjoin collection of the tax. *State of Minnesota v. United States*, 525 F.2d 231, 233 (8th Cir. 1975); *Transport Manufacturing and Equipment Co. v. Trainor*, 382 F.2d 793, 797 (8th Cir. 1967).[5] In *Williams Packing*, the Supreme Court stated the law as follows:

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. [Footnote omitted.] Nevertheless, if it is clear that under no [set] of circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, . . ., the attempted collection may be enjoined if equity jurisdiction otherwise exists.

*Enochs v. Williams Packing Co., supra*, 370 U.S. at 7, 82 S.Ct. at 1129. For the reasons set forth below, the Court concludes that it does not have jurisdiction to enjoin the collection of taxes in this case and judgment will be rendered against plaintiff on Count I of the complaint.

## II. *The Statutory Exceptions*

■ Of the four statutory exceptions set forth in 26 U.S.C. § 7421(a), three are obviously inapplicable.[6] The only possibly viable exception, and the one asserted by plaintiff, is provided in 26 U.S.C. § 6213(a). That statute, in relevant part, provides:

> (a) Time for filing petition and restriction on assessment—Within 90 days, . . ., after the notice of deficiency authorized in section 6212 is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. *Except as otherwise provided in section 6851* or section 6961 no assessment of a deficiency . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer . . . Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court. (Emphasis added.)

Plaintiff contends that the IRS has not followed the proper statutory procedures in making the assessment and levies in this case.[7] Specifically, plaintiff contends that he was not afforded an opportunity to fail or refuse to pay the tax liability set forth in the notice of assessment. 26 U.S.C. § 6331.

In an ordinary tax collection case, the IRS is authorized to levy on all property subject to its lien, 26 U.S.C. § 6321, 10 days after notice and demand for payment. 26 U.S.C. § 6331. However, the last sentence of sub-section (a) of that statute provides:

> If the Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and *demand for immediate payment* of such tax may be made by the Secretary or his delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful

---

**5.** Plaintiff has pleaded only 28 U.S.C. § 1346, which does not authorize injunctive relief, as a basis for jurisdiction in this case. (Comp. ¶ 4). Since the Court has concluded on the merits that plaintiff's case does not fall within the statutory exceptions of 26 U.S.C. § 7421(a), and is not otherwise within the Court's traditional equity jurisdiction, it need not be decided what effect should be given to the arguable failure to affirmatively plead an alternative jurisdictional base. Rule 8(a)(1), Fed.R.Civ.P.

**6.** Sections 6212(a) and (c) related to the prohibition on serving additional deficiency notices on a taxpayer during the pendency of litigation in the Tax Court. Sections 7426(a) and (b)(1) relate to suits by persons other than the taxpayer. Section 7429(b) provides the summary review procedure under which relief was denied in the Court's order of August 31, 1978.

**7.** The contention is that since the procedure set forth in 26 U.S.C. §§ 6851 and 6331 was not properly followed, the Court has jurisdiction to enjoin collection of the tax under these levies, despite 26 U.S.C. § 7421(a), because of the "except" proviso in 26 U.S.C. § 6213(a), quoted above.

without regard to the 10-day period provided in this section. (Emphasis added.)

Accordingly, when there has been a "jeopardy" finding,[8] the tax assessed is due immediately after notice and demand for payment. The termination assessment statute, 26 U.S.C. § 6851, under which the IRS acted in this case, directs the Secretary to make an immediate determination of the tax liability for the time period in question and to ". . . cause notice of such determination and assessment to be given to the taxpayer, together with a *demand for immediate payment* of such tax." (Emphasis added.)

The key word in these complementary statutory provisions is "immediate." The primary purpose behind the termination procedure is to insure immediate payment of disputed taxes. Accordingly, the tax is due when notice has been served and a demand for payment has been made. Resolution of the taxpayer's ultimate tax liability is postponed. See, note 5, Order of August 31, 1978. In this case, plaintiff was served with a Notice of Termination Assessment of Income Tax and a Notice and Demand for Payment at 2:15 p. m. on May 18, 1978. At that time, plaintiff indicated that he would have to consult with his attorney. (Carter Affidavit, ¶ 8). The levies were accomplished a few minutes later. (Tr. 27–28). Under the terms of the statutes, this immediate action was proper. Since "demand for immediate payment," 26 U.S.C. § 6851, was made, and since plaintiff did not make immediate payment, the levies were lawful. In the termination assessment situation, the "failure or refusal to pay" language in 26 U.S.C. § 6331 is modified by the provision of the same statute calling for a demand for immediate payment.[9]

The cases relied upon by plaintiff do not state a contrary rule. In both *L. O. C. Industries, Inc. v. United States*, 423 F.Supp. 265 (M.D.Tenn.1976), and *Mrizek v. Long*, 187 F.Supp. 830 (N.D.Ill.1959), the levy in question preceded notice and demand for immediate payment. See also, *Shapiro v. Secretary of State*, 162 U.S.App. D.C. 391, 395–396 n.12, 499 F.2d 527, 531–532 n.12 (1974), *aff'd* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

In view of the foregoing discussion, the Court holds that this case is not controlled by any statutory exception to the anti-injunction statute, 26 U.S.C. § 7421(a), and plaintiff's request for injunctive relief on this ground will be denied.

### III. *The Judicial Exception*

As previously indicated, an injunction is not barred by 26 U.S.C. § 7421(a) if the taxpayer can show extraordinary circumstances causing irreparable harm for which he has no adequate legal remedy and that under the most liberal view of the law and the facts the government cannot establish its claim. *C. I. R. v. Shapiro*, 424 U.S. 614, 623, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), quoting *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

■ In this case, as in *Shapiro*, the taxpayer relies on the pendency of criminal proceedings against him to establish the traditional elements of equity jurisdiction. In *Shapiro*, money which the taxpayer intended to use as bail in connection with criminal fraud charges against him in Israel was frozen in the taxpayer's American banks when the IRS served notices of levy pursuant to a jeopardy assessment. Prior to his extradition to Israel to face the criminal charges, the taxpayer filed an injunction suit in the district court alleging that

---

**8.** Such a finding was made in this case. Voskuil Affidavit, ⸤ 3.

**9.** Plaintiff has also contended that he was not given an opportunity to post a bond under the provisions of 26 U.S.C. § 6863. That statute states that the bond shall be filed in accordance with regulations promulgated by the Secretary.

Under the provisions of 26 C.F.R. §§ 1.6851–1(a)(4), 1.6851–3, and 301.7101 *et seq.* (1977), this bond may be filed with the IRS "in lieu of immediate payment." Thus, no time requirement is imposed. "Immediate payment," as used in the Regulations, must be given the same meaning as used in the statutes.

his case fell within the *Williams Packing* exception to the anti-injunction statute, 26 U.S.C. § 7421(a). The proceedings in all courts were directed primarily toward the second element of the test, *i. e.*, whether the government could prevail under any circumstances. The Court of Appeals and the Supreme Court assumed, without expressly deciding, that the threat of immediate incarceration constituted irreparable injury for which there was no adequate legal remedy. *Shapiro v. Secretary of State*, 162 U.S.App.D.C. at 396, 499 F.2d at 532; *C. I. R. v. Shapiro*, 424 U.S. at 633, 96 S.Ct. 1062. In this case, the Court has taken judicial notice of the fact that plaintiff is now incarcerated because of the surrender of his bond in the criminal case. Accordingly, the Court holds that plaintiff has shown irreparable injury for which he has no adequate legal remedy.[10]

█ However, plaintiff cannot satisfy the second element of the *Williams Packing* exception. The Court has already held that there was a factual basis for the termination assessment and that the amount assessed was reasonable. Order of August 31, 1978. Plaintiff has contended all along that the government has not made the required disclosure under the *Shapiro* standards. The relevant language is as follows:

> The taxpayer himself must still plead and prove facts establishing that his remedy in the Tax Court or in a refund suit is inadequate to repair any injury that might be caused by an erroneous assessment or collection of an asserted tax liability. Even then, the Government is not required to litigate fully the taxpayer's liability outside the statutory scheme provided by Congress. It is required simply to litigate the question whether its assessment has a basis in fact.
>
> \* \* \* \* \* \*
>
> The Government may defeat a claim by the taxpayer that its assessment has no basis in fact—and therefore render applicable the Anti-Injunction Act—without resort to oral testimony and cross-exami-

nation. Affidavits are sufficient so long as they disclose basic facts from which it appears that the Government may prevail.

*C. I. R. v. Shapiro, supra* at 629, 633, 96 S.Ct. at 1071, 1073. The Court has already held that the government has fully disclosed all that is required under *Shapiro.* See, note 15, Order of August 31, 1978.

As fully set forth in the Court's prior order, the IRS used wiretap evidence of one drug sale to extrapolate an estimated income over a 19-week period. (Tr. 46–48). The Ninth Circuit has recently had occasion to review the law in this area. In *Schildcrout v. McKeever*, 580 F.2d 994 (9th Cir., 1978), the court held that extrapolation was a permissible method of calculating income from illegal conduct. The taxpayer was subjected to a jeopardy assessment under the provisions of 26 U.S.C. § 6862 for alleged nonpayment of the excise tax on wagering. 26 U.S.C. § 4401. Based on direct evidence of income for 10 days from wagering, the IRS estimated such income for a 13-month period. This was held to be a permissible factual showing by the government to invoke the anti-injunction statute, 26 U.S.C. § 7421(a). The government had disclosed by affidavit the wiretap evidence upon which it relied. It had also disclosed some of the other evidence upon which it intended to rely to establish the taxpayer's ultimate liability. Among other things, this latter disclosure included information obtained from a reliable informant and evidence of gambling activities obtained from a search of the taxpayer's residence. Similar disclosure has been made in this case. Thus, in *Schildcrout*, as in this case, it could not be said that the government could not prevail on the most liberal view of the facts.

Because plaintiff has not shown that the government cannot possibly prevail on the merits of its claim for income taxes, and because the Court has already held that the assessment has a basis in fact, the Court

---

10. The only legal remedies are a refund action and an action in the Tax Court. Obviously, neither action could remedy plaintiff's current incarceration.

has no jurisdiction to enjoin the collection of the taxes under the termination assessment.[11]  It is therefore

ORDERED that plaintiff be, and hereby is, denied all requested relief under Count I of the complaint;  and it is

ORDERED that the Clerk of Court be, and hereby is, directed to enter final judgment in favor of defendant and against plaintiff in all respects.  Costs are taxed to plaintiff.

---

11.  In his brief, plaintiff has raised several constitutional arguments.  The Court has concluded that it does not have jurisdiction to consider these contentions and that they must be raised when plaintiff litigates his tax liability on the merits.  See, note 5, *supra.*  It is worth noting, however, that the lien statute, 26 U.S.C. § 6321, and the summary seizure aspects of these assessments have recently withstood challenge on due process grounds.  See, *United States v. Second National Bank of N. Miami*, 502 F.2d 535, 545 (5th Cir. 1974), *cert. den.* 421 U.S. 912, 95 S.Ct. 1567, 43 L.Ed.2d 777 (1975);  *United States v. Pilla*, 550 F.2d 1085, 1092 (8th Cir. 1977), *cert. den.* 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977).  See generally, Chommie, Federal Income Taxation, § 302, p. 910 (2d ed. 1973).  See also, *Lewis v. Sandler*, 498 F.2d 395 (5th Cir. 1974).  For a full review of the constitutional aspects of tax collection, see *In the Matter of Carlson*, 580 F.2d 1365 (10th Cir., 1978), *rev'ing* 434 F.Supp. 554.