Lewis G. ALLEN, Plaintiff,

v.

UNITED STATES of America and Johnson County National Bank, Defendants.

UNITED STATES of America and James L. Gaunce, Jr., Revenue Officer, Internal Revenue Service, Petitioners,

v.

JOHNSON COUNTY NATIONAL BANK AND TRUST COMPANY, Respondent.

Lewis G. ALLEN, individually and as Trustee for the Lewis G. Allen Family Trust, Plaintiff,

v.

The INTERNAL REVENUE SERVICE, with Clarence M. King, Jr. as District Director and James L. Gaunce, Jr., as Revenue Agent, the United States of America, with Vernon E. Lewis, as Assistant U.S. Attorney and Robert S. Streepy, as Assistant U.S. Attorney, and Johnson County National Bank and Trust Company, with Michael Best, as Trust Officer, Defendants.

Civ. A. Nos. 83–2078, 83–2185A and 83–2331.

United States District Court, D. Kansas.

Aug. 3, 1984.

Benjamin L. Burgess, Jr., U.S. Atty., Robert S. Streepy, Asst. U.S. Atty., Kansas City, Kan., Michael P. Haney, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for the U.S. and Gaunce.

Lewis G. Allen, pro se.

Robert F. Bennett, Donald D. Jarrett, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., for Johnson County Nat. Bank and Trust Co.

Elma E. Rodgers, Trial Attorney, Tax Div., Dept. of Justice, Washington, D.C.,

Robert S. Streepy, Asst. U.S. Atty., Kansas City, Kan., for the I.R.S. and the U.S.

Robert A. Olsen, Kansas City, Kan., for the U.S., Smith, Archer, Eggers, Luke, Carlson, Williams and other defendants.

Stephen G. Fuerth, Michael P. Haney, Tax Div., Dept. of Justice, Washington, D.C., for Archer, Eggers and Luke.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

These cases involve claims brought by Lewis G. Allen, *pro se*, a radiologist, against the United States Government, various officials thereof, the Johnson County National Bank, and one of the bank's trust officers. Allen alleges that the defendants have committed numerous wrongs against him in connection with the assessment and collection of back-taxes.

Plaintiff is no stranger to this court. In 1980, the Internal Revenue Service (IRS) was sued by the Lewis G. Allen Family Trust, a creation of the plaintiff, over a sum of money the IRS claimed. The IRS filed a counterclaim against Lewis G. Allen and Deloris A. Allen, his wife, to recover back-taxes. On March 24, 1982, the Honorable Dale E. Saffels of this court determined that the Lewis G. Allen Family Trust was invalid and that the Allens owed $43,-149.55, and Lewis G. Allen, individually, owed $138,339.26 in back-taxes. *See Lewis G. Allen Family Trust v. United States,* No. 80–2109 (D.Kan., *unpublished,* 3/24/82). The court of appeals affirmed the district court's decision. *Lewis G. Allen Family Trust v. United States,* No. 82–1709 (10th Cir., *unpublished,* 10/27/82).

In 1982 plaintiff was found guilty after a jury trial on two counts of failing to file income tax returns in violation of 26 U.S.C. § 7203. He was sentenced to one year on each count, the sentences to run consecutively, and he was also fined the sum of $20,000.00.

On March 7, 1983, Allen filed case 83–2078 against "The Government of the United States, et al." and Johnson County National Bank. Plaintiff alleges several grounds for recovery. First, he attacks the offense severity rating determined by the United States Parole Commission as being unconstitutional. The commission, in determining the length of Allen's incarceration, apparently took into consideration the total amount of federal income taxes that plaintiff allegedly evaded. Allen contends that this rating has resulted in double jeopardy, cruel and unusual punishment, and constitutes a bill of attainder, all in violation of the United States Constitution. On the same day, plaintiff filed an amended complaint based on 42 U.S.C. § 1983 for monetary damages resulting from the alleged double jeopardy.

On March 17, 1983, Allen filed a second amended complaint which listed, as individual defendants, Attorney General William French Smith; IRS Officials Glen L. Archer, Jr., Roscoe L. Eggers, Jr., and K.E. Luke (who was later replaced by Clarence M. King, Jr.); Norman Carlson, the Director of the Bureau of Prisons; J.D. Williams, the National Director of the United States Parole Commission; and Robert Vincent, Regional Director of the United States Parole Commission. All of these defendants are officials of the United States Government and are being sued in their official capacities.

On June 10, 1983, plaintiff filed a motion for leave to further amend his complaint in case 83–2078 and add a cause of action alleging that he was subjected to "triple jeopardy" by the enforcement of a levy imposed by the IRS. The triple jeopardy claim arose out of civil action 83–2185A in this court, wherein the IRS, pursuant to 26 U.S.C. § 7402(a) and § 6332, sought to enforce a notice of levy upon the Johnson County National Bank and Trust Company for back-taxes in the amount of $321,-269.45, owed by Allen for the years 1975 and 1976. The notice was served upon Michael L. Best, trust officer for the bank, on May 11, 1983. It stated that demand had been made on the taxpayer, and that the assessment was made on April 20, 1983. In its petition, IRS alleged that because the district court had held and the

Tenth Circuit had affirmed that the trust was invalid, the IRS was entitled to the 1975 and 1976 back-taxes. The order by this court directed the bank to comply with the notice of levy, and was issued the same day as the petition was filed, May 25, 1983. Thereafter, the bank complied and remitted the funds.

On July 1, 1983, the Lewis G. Allen Family Trust, by Lewis G. Allen, Trustee, even though not a party in case 83–2185A, filed a counterclaim in that case alleging that the funds which had been held by the bank were the property of the Trust. No response was filed to this pleading. On July 20, 1983, the United States filed a motion in case 83–2185A to amend the May 25 order, and a motion to enforce the judgment rendered in case 80–2109. In its motion to amend, the government apprised the court of the pending case 83–2078, and modified the amount sought to be levied upon and the basis for the levy. In essence, the government sought to retain the money turned over by the bank, but changed its legal theory of entitlement by asking that $303,429.10 be charged to the judgment rendered by Judge Saffels in case 80–2109, and any remaining amounts be applied against that owed the government for tax years 1975 and 1976 pursuant to the May 11, 1983 levy. On the same day, the bank filed a response alleging that it was not in a position to defend the allegations and that the Allens should be made parties to the action. Pursuant to the government's motion, the court ordered the bank to pay $303,429.10 to the United States in accordance with the judgment in case 80–2109. Further, the court ordered the remaining amount to be paid to the United States pursuant to the levy in case 83–2185A.

On July 29, 1983, Lewis G. Allen filed a motion to intervene in the now-closed case (83–2185A) in an attempt to remedy alleged improprieties in the procedural aspects of the assessment and levy. Allen alleges that the levy was fraudulently obtained, and advises the court of his allegations made in case 83–2078.

Not content with the two pending cases, Allen filed yet a third action, case 83–2331, on August 31, 1983. There he alleges that the IRS and two of its agents, two Assistant United States Attorneys, and the Johnson County National Bank and one of its trust officers, breached or caused to be breached an escrow agreement between the Allens, as trustees for the Lewis G. Allen Family Trust, and the Internal Revenue Service. This agreement was made to facilitate the sale of certain real estate owned by the Allens which was encumbered by federal income tax liens. The agreement allowed the Allens to sell the real estate free of the IRS liens, and have the proceeds deposited in an escrow account with Johnson County National Bank. The proceeds would then be distributed by agreement of the IRS and the Allens, or by a court order.

Allen alleges that the agreement between the parties limits any claim for back-taxes to the years 1973 and 1974, and that the IRS is estopped from enforcing the levy for the years 1975 and 1976 because of his due process claims made in case 83–2078. Plaintiff's theory is that because the IRS should have known about any 1975 and 1976 deficiencies before the agreement was signed, it is now barred because there is no indication that the agreement covered those years. Further, he alleges that each defendant has violated the agreement by obtaining a court order by fraud and misrepresentation. Plaintiff seeks monetary damages for these alleged unlawful acts.

After defendants answered, plaintiff filed a motion for leave to amend his complaint by deleting a reference to 28 U.S.C. § 1331, and clarifying his claims. The amendment avers that five separate causes of action were contained within the original complaint, namely: (1) breach of contract; (2) deprivation of constitutional rights without due process; (3) wrongful taking and conversion; (4) conspiracy; and (5) violation of banking laws.

On August 15, 1983, before case 83–2331 was filed, plaintiff filed a motion to consolidate cases 83–2185A and 83–2078. The

court, on its own motion, then ordered the three pending cases consolidated on March 2, 1984. Further, we directed counsel to respond to motions pending in 83–2185A and Allen was given time to reply. These various motions, along with others Allen has interspersed throughout his pleadings, are being construed as motions for summary judgment.

We note that all defendants in cases 83–2078 and 83–2331, except Johnson County National Bank and its trust officer, have filed motions to dismiss or, in the alternative, for summary judgment. Because the parties have included matters outside the pleadings, these motions must be construed as motions for summary judgment pursuant to Fed.R.Civ.P. 12(b).

In reviewing the motions for summary judgment, we are required to view the facts in the light most favorable to the opposing party, and give him the benefit of all reasonable inferences to be drawn therefrom. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207, 209–210 (8th Cir.1976). If, after reviewing the evidentiary record, we find that "there is no genuine issue as to any material fact," then we may grant summary judgment. Fed.R.Civ.P. 56(c). However, where different inferences may properly be drawn, the case is not one for summary judgment. *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373 (10th Cir.1980). The summary judgment procedure is useful in avoiding expense and delay of an unnecessary trial if there is no dispute as to the facts governing the claims and defenses presented. *Allison v. Menendez,* No. 81–2191 (D.Kan., *unpublished,* 9/8/83). With these standards in mind, we turn to the merits of the motions.

■ In case 83–2331, the federal government defendants assert that this court lacks subject matter jurisdiction. It is well settled that the United States cannot be sued without its consent. Wright, *Law of Federal Courts,* p. 115 (1983). The Tucker Act, enacted in 1887, grants jurisdiction to federal courts in certain cases, including a contract claim against the United States. 28 U.S.C. § 1346. Such a claim, however, must be brought in the Court of Claims if it exceeds $10,000.00. It is readily apparent that whether plaintiff's claim is for the total amount of money contained in the escrow account, or only the excess therein after the levy for 1973 and 1974, it will exceed $10,000.00. Therefore, this court is without jurisdiction to entertain the breach of contract claim. *See Alamo Navajo School Board, Inc. v. Andrus,* 664 F.2d 229, 233 (10th Cir.1981).

■ Plaintiff's claim that the United States is estopped from litigating the alleged 1975 and 1976 tax liability is without merit. To sustain his claim, plaintiff must prove the traditional elements of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *Sweeten v. U.S. Dept. of Agr. Forest Service,* 684 F.2d 679, 682 n. 5 (10th Cir.1982). Further, when estoppel is asserted against the government, some affirmative misconduct by the government must be shown. *Id.* at 682.

■ Plaintiff's theory is that the government's inaction in including any deficiencies for 1975 and 1976 in the agreement permitting the sale of real estate, bars further collection of taxes for 1975 and 1976. Obviously this inaction on the part of the government does not meet the affirmative conduct standard applicable when estoppel is attempted to be applied against the government. Further, there is no showing that Allen relied on the government's conduct to his detriment, or that he was unaware that he might owe taxes for 1975 and 1976. *See City & County of Denver v. Bergland,* 695 F.2d 465 (10th Cir.1982); *United States v. Capital Savings Association,* 576 F.Supp. 790 (N.D.Ind.1983).

■ Defendants Lewis and Streepy, Assistant United States Attorneys, are, of course, immune from suit because of the doctrine of quasi-judicial immunity. A prosecutor is absolutely immune from suit in initiating, prosecuting and presenting the government's case. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This rationale has been extended to government attorneys involved in civil tax litigation. *Flood v. Harrington,* 532 F.2d 1248 (9th Cir.1976); *see also, Dacey v. Dorsey,* 568 F.2d 275 (2d Cir.1978); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

In 83–2185A, the case in which Allen attempts to intervene, he asserts several grounds in attacking the enforcement of the IRS levy. First, he claims that the procedure followed by the IRS was not proper. He raises questions pertaining to the disparity in amounts between the notice of deficiency and the levy, that there was no valid deficiency determination, and that the levy was a misrepresentation to the court. Plaintiff further attacks the court's order of May 25, 1983, by alleging the property was under "judicial process," as that term is used in 26 U.S.C. § 6332(a), and, therefore, could not be levied upon. Finally, Allen asserts that the Johnson County National Bank violated its fiduciary responsibility by failing to challenge the actions of the IRS.

■ Plaintiff's argument that § 6332 bars a levy by the IRS on the property held by the bank is without merit. That section states only that property subject to attachment or execution under judicial process need not be surrendered. The mere filing of an action challenging the collection of taxes does not bring plaintiff within this statute.

Plaintiff's claims of alleged improper procedure by the IRS in levying on his property were raised in all three cases. They will be addressed in our discussion of case 83–2078.

■ Turning to the merits of that case—83–2078—we find that several of plaintiff's contentions are without substance. First, any contention that plaintiff has been subjected to double or triple jeopardy is, of course, wholly frivolous. "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (*citing North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).) The Double Jeopardy Clause applies only to the prosecutorial and judicial discretion involved in criminal proceedings. *Cordova v. Romero,* 614 F.2d 1267 (10th Cir.1980). It has nothing to do with a civil proceeding involving back-taxes.

■ Nor is the use of the offense severity rating precluded by the Double Jeopardy Clause. The sentences imposed were authorized by Congress, and the refusal to allow parole is within the discretion of the Parole Commission. *Young v. United States Parole Commission,* 682 F.2d 1105 (5th Cir.1982); *Robinson v. Hadden,* 723 F.2d 59 (10th Cir.1983). The Parole Commission may take into consideration numerous factors in exercising its parole functions. *See Schuemann v. Colorado State Board of Adult Parole,* 624 F.2d 172 (10th Cir.1980).

Further, plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. There is no indication from the record how plaintiff has been subjected to cruel and unusual punishment. Apparently, he argues that the use of the offense severity rating supports his claim. This argument is utterly frivolous. The same may be said with respect to plaintiff's claim that he has been subjected to a bill of attainder because of his prison sentence. A bill of attainder [1] is a legislative determi-

---

1. Because the punishment for the crime which Allen was convicted of is not death, this would not be a bill of attainder, but rather a bill of pains and penalties. A bill of pains and penal-

nation of guilt and imposition of punishment upon a specified group or specified individual without the safeguards of a judicial trial. *Nixon v. Administrator of General Services,* 408 F.Supp. 321 (D.D.C. 1976). In this case, there has been no legislative act which singles out Allen or any specific group, thereby making a determination of guilt. *Cf. Cracchiola v. Commissioner of Internal Revenue,* 643 F.2d 1383 (9th Cir.1981).

■ It is apparent that this action is against the United States and only nominally against the individuals named. The general rule is that an action against an officer of the federal government, in his official capacity (which Allen alleges), is a suit against the sovereign. *Helton v. United States,* 532 F.Supp. 813, 819 (S.D.Ga.1982) (citing *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963).) This is true when the relief sought would "expend itself on the public treasury or domain." *Id.* [citing *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947) ]. Plaintiff seeks damages and a return of money paid to the IRS, and it is apparent that such an award would be paid by the government. Thus, the action is treated as one against the United States, and the individuals must be dismissed. *Cf. Yannicelli v. Nash,* 354 F.Supp. 143, 149 (D.N.J.1973).

In all three cases Allen has attacked the procedures utilized by IRS. In the interests of justice and judicial economy, the court will consider the arguments made in all three cases to be applicable to case 83–2078. On the basis of the record before us, we are unable to determine whether summary judgment is appropriate for either side concerning the claims made by Allen as to the procedures employed by the Internal Revenue Service in collecting the back-taxes in case 83–2185A. For example, we are unable to discern whether any demand was made on Allen before the IRS

began its enforcement proceedings against the bank, *see L.O.C. Industries, Inc. v. United States,* 423 F.Supp. 265 (M.D.Tenn. 1976); *Martinez v. United States,* 669 F.2d 568 (9th Cir.1981); *Yannicelli v. Nash,* 354 F.Supp. 143 (D.N.J.1972); *Hill v. McMartin,* 432 F.Supp. 99 (E.D.Mich.1977); *but see Bremson v. United States,* 459 F.Supp. 128 (W.D.Mo.1978), or whether the proper jeopardy assessment procedures were followed. *Fidelity Equipment Leasing Corp. v. United States,* 462 F.Supp. 845 (N.D.Ga.1978). Further, there remains a question as to the legal effect of a change in the basis for the levy in case 83–2185A. Therefore, we will hold in abeyance a ruling on the cross-motions for summary judgment on these issues. The parties may submit any additional supporting evidence or briefing within fifteen (15) days. Each side will then have an additional ten (10) days to respond to the other's submission.

Thereafter, we will be in a position to make final rulings on the summary judgment motions.

IT IS SO ORDERED.

---

ties is also prohibited, however, by Article I, § 9, cl. 3 of the Constitution. *Nixon v. Administrator of General Services,* 408 F.Supp. at 371. Although the terminology is different, the legal analysis to be used in determining whether a person has been subjected to a bill of attainder or bill of pains and penalties is identical.